## PAUL CHIPRON

*v.*

## CHARLES FEIKERT *et al.*

CHATTEL MORTGAGE—*materiality of acknowledgment.* Where the mortgagee is in possession of the mortgaged chattels before any lien or other right attaches, the mortgage will be good against everybody, regardless of the acknowledgment. And where such a mortgage is admitted in evidence on the trial of the right of property, with a defective acknowledgment, and the bill of exceptions does not purport to contain all the evidence, it will be presumed that the court heard other evidence to obviate the objection.

WRIT OF ERROR to the Circuit Court of Clinton county; the Hon. SILAS L. BRYAN, Judge, presiding.

Messrs. VAN HOOREBEKE & LIETZE, for the plaintiff in error.

Mr. A. H. WHITE, for the defendants in error.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was a trial of the right of property, originally commenced before a justice of the peace, in which Charles Feikert and Joseph Speckart were plaintiffs, and Paul Chipron was defendant. On trial before the justice of the peace, plaintiffs held the property, and defendant appealed to the circuit court, where a trial was had before the court and a jury, with a like result.

On the trial of this case in the circuit court, the plaintiffs offered in evidence a chattel mortgage, dated June 20, 1870, given by Theophile Detro to them, for $426, for the property in controversy, which was acknowledged before Joseph Hanke, a police magistrate of the town of Trenton. To the introduction of this mortgage in evidence the defendant objected, but the court overruled the objection, and defendant excepted.

It was admitted by plaintiffs that Joseph Hanke, the police magistrate, was, at the time the mortgage was acknowledged, a police magistrate of the town of Trenton, in Clinton county, and the mortgagor was not a resident of the town of Trenton at that time, but resided in the election precinct established by the county court of Clinton county, Illinois.

The only error relied upon is the decision of the circuit court in admitting in evidence the chattel mortgage.

The bill of exceptions in this case does not purport to contain all the evidence.

The record does not show that the defendant had any claim to the property in controversy, or had any right or authority to take it. In fact, it is not shown that he did take it. No judgment or execution is shown. How, or in what manner, he was contesting the plaintiffs' right to hold the property under the mortgage, is not shown.

Now, if the plaintiffs were in possession of the property under their mortgage before the defendant acquired any lien or right thereto, it is immaterial whether the mortgage was acknowledged at all or not. The mortgage would be good as against everybody, regardless of the acknowledgment, if the mortgagee had the possession of the property under it before other liens attached. In this case, as the record does not show that the bill of exceptions contains all the evidence, this court will presume that, when the chattel mortgage was offered in evidence, the circuit court heard evidence to obviate all objection that was made thereto.

The judgment of the circuit court will be affirmed.

*Judgment affirmed.*