## WILLIAM GIFFERT ET AL.
### v.
## CHARLES B. WILSON.

1. CHATTEL MORTGAGE—ATTACHMENT.—Where a chattel mortgage is executed, but not recorded, and the mortgagee takes possession under his mortgage, the property covered by the mortgage would not be subject to a writ of attachment.

2. DELIVERY.—Where goods were locked up in a storeroom at the time that a chattel mortgage upon them was made. *Held*, that the delivery by the mortgagor to the mortgagee of the key to the room and the latter putting a new lock upon the door, locking it and keeping the key in his own sole possession, were facts sufficient to justify the jury in finding that there was a change of possession of the goods from the mortgagor to the mortgagee.

APPEAL from the Circuit Court of Cook county; the Hon. LORIN C. COLLINS, Judge, presiding. Opinion filed January 6, 1886.

Mr. THOMAS SHIRLEY, for appellant.

Mr. JAMES B. MUIR, for appellee.

McALLISTER, J. This action was replevin by appellee Wilson against appellant Giffert and Hanchett, as sheriff, for divers articles of household goods and furniture. Under proper pleadings, the question for determination at the trial was, whether or not the goods in question were subject to a writ of attachment regularly sued out by the defendant Giffert, March 26, 1884, from the superior court, against the estate of Rachel Wice, under which and on the same day, the goods in suit were taken by the defendant Hanchett as sheriff. The plaintiff in this present suit claimed title to the property through a chattel mortgage made by said Rachel Wice to him, March 18, 1884, covering the same goods in question, to secure the sum of eighteen hundred dollars, payable in thirty days from that date with interest. Such indebtedness being

for so much money lent by him at that time to said Rachel. The mortgage provided that Wilson, the mortgagee, might take possession of the goods, and did not provide that the mortgagor might retain the possession of the goods. It was duly executed and the acknowledgment of mortgagor taken March 20, 1884, by the proper justice of the peace, but it was not recorded. But it was shown that at the date of the mortgage, March 18, 1884, the goods in question were stored in a basement in West Chicago; that on that day, the husband of said Rachel, being her authorized agent, went with said mortgagee Wilson to said place, and delivered over to him the key of the room for the purpose of giving him (Wilson) possession of the goods; that the latter unlocked the door, looked at the goods and then got a new padlock, and putting it on the door to the room, locked it, notified the landlord of the premises that he would pay the rent and went away, not returning until he was informed, March 26, 1884, that the sheriff had broken said lock, gone in and seized the goods on said attachment.

The issues were found by the jury in favor of the plaintiff, Wilson, and the property to be his, and judgment passed accordingly.

There was nothing to show that Giffert became the creditor of said Rachel Wice subsequently to said 18th day of March, 1884; but it is claimed that the chattel mortgage not having been recorded, and the debt not having matured, the property was subject to Giffert's attachment against the estate of Rachel Wice; that even if possession by the mortgagee in an unrecorded mortgage, may be equivalent to recording, what was done here did not amount to a change of possession.

We are of opinion that the goods being locked up in a storeroom at the time, the delivery by the mortgagor to the mortgagee of the key to that room, and the latter putting a new lock upon the door, locking it and keeping the key in his own sole possession, were sufficient facts to justify the jury in finding that there was a change of possession of the goods from the mortgagor to the mortgagee. Chappel v. Marvin, 2 Aiken, 79; Benford v. Schell, 55 Penn. St., 393.

The mortgagee having taken possession under his mort-

gage, before the attachment against the estate of the mortgagor was issued, the property covered by the mortgage was not subject to that writ. Whisler v. Roberts, 19 Ill. 274; Frank v. Miner, 50 Ill. 444; Chipron v. Feikert, 68 Ill. 284; Jones on Chat. Mort. § 452.

We perceive no error in the instructions to the jury and the judgment should be affirmed.

Affirmed.