MARY C. DOBBINS

v.

SETH F. HANCHETT.

1. SALE—FRAUD—SUIT FOR PRICE AFFIRMS SALE.—The bringing of a suit to recover the price of goods or to recover damages for fraud in inducing the vendor to sell them, proceeds upon the theory that the vendor has parted with his title, and is therefore in affirmance of the sale.

2. ATTACHMENT—TITLE TO ATTACHED GOODS.—An attaching creditor acquires no title to the goods attached by means of his attachment writ, and no right of action against a third person, who may take them from the officer or destroy them.

3. REPLEVIN—VERDICT.—In a replevin suit, where the defendant pleads property in several different parties, and the verdict of the jury is returned not guilty, and property in a certain one of those parties, but the evidence contains nothing to show title in that party, but on the contrary shows the title to have been in one of the other parties in whom it was pleaded, held, that this is such error as to reverse the case.

4. EVIDENCE—ATTACHMENT AFFIDAVIT NOT EVIDENCE.—An affidavit

upon which an attachment was issued, is not competent evidence in the trial of a replevin suit, brought by a third party to recover possession of the goods attached.

Appeal from the Superior Court of Cook county; the Hon. Elliott Anthony, Judge, presiding. Opinion filed December 8, 1886.

Messrs. Cratty Bros. & Aldrich, for appellant.

Mr. E. F. Allen, for appellee.

Bailey, J. On the 2d day of November, 1885, Parker, Holmes & Co., brought a suit in case against John Dillon and caused an attachment to be issued in aid of said suit. On the same day the attachment was levied upon a lot of boots and shoes as the property of John Dillon, and on the day following, said property was replevied from the sheriff by Mary C. Dobbins. In the replevin suit the plaintiff declared charging the defendant, in two counts, with having wrongfully taken and wrongfully detained said goods and chattels, to which was added a count in trover. The sheriff pleaded *non cepit, non detinet,* property in Parker, Holmes & Co., property in John Dillon, property in himself, a special plea justifying under the attachment writ, and not guilty as to the count in trover. Issues were duly taken on said pleas, and on the trial before the court and a jury, a verdict was rendered finding "the defendants not guilty and the title of the goods in said defendants Parker, Holmes & Co." A motion by the plaintiff for a new trial was overruled, and judgment was thereupon entered that the defendant recover his costs, and that a writ of *retorno habendo* issue for the return of the property replevied.

It appears that for some time prior to the commencement of the attachment suit, John Dillon had been engaged in the retail boot and shoe trade, and had been occupying the front part of a room in the basement of a building on Madison street, Chicago, and that Mrs. Mary C. Dobbins was, at the same time, engaged in the wholesale boot and shoe trade, occupying for her business the rear portion of the same room. It is

claimed by Mrs. Dobbins, and the evidence offered on her be-
half tended to show, that on the 28th day of October, 1885,
she had in good faith purchased and taken possession of the
stock of goods belonging to Dillon; that the price agreed
upon between her and Dillon was what he had paid for the
goods, less fifteen per cent., payable in thirty, sixty and ninety
days, and that instead of giving Dillon her notes, it was ar-
ranged between them that she should accept orders drawn by
Dillon in favor of his creditors, maturing as above stated;
that an inventory of the goods was taken, and the goods de-
livered to her October 28th, and that at the time of the ser-
vice of the attachment writ, she had accepted Dillon's orders
for the greater part but not for all of the purchase money of
the goods.

Evidence was introduced on behalf of the sheriff tending to
show, on the other hand, that at the date of the attachment,
the sale of Dillon's stock of goods, though in contemplation
and even *in fieri*, had not been consummated so as to vest Mrs.
Dobbins with the title to the property. It was also claimed
on behalf of the sheriff, and there was some evidence tending
to show, that the sale of said goods to Mrs. Dobbins was in
fraud of Dillon's creditors.

There was no evidence showing or tending to show that at
the time of the service of the replevin writ, said goods or any
portion of them belonged to Parker, Holmes & Co. Some of
said goods seem to have been purchased by Dillon from them,
but there is no evidence in the least tending to impeach that
sale, or to show that Dillon did not obtain a good title to the
goods. Indeed, the whole theory of the attachment suit was
in affirmance of Dillon's title. Our only source of knowledge
as to the subject-matter of that suit is the attachment affidavit,
in which Parker, Holmes & Co. set forth the nature and
amount of the indebtedness for which an attachment was being
sued out, as an indebtedness " for damages for the value of
goods, wares and merchandise, fraudulently purchased by said
defendant (Dillon) of said plaintiffs on credit." It nowhere
appears that the goods, wares and merchandise mentioned in
the affidavit were the same or any part of the goods attached,

Dobbins v. Hanchett.

but if they were, the bringing of a suit to recover the price of the goods, or to recover damages for fraud in inducing the vendor to sell them, proceeds upon the theory that the vendor has parted with his title to the goods, and is therefore in affirmance of the sale. Whitney v. Allaine, 4 Denio, 554; Bumback v. Flower (decided at the present term), and authorities cited.

Nor did Parker, Holmes & Co. obtain any title to the goods attached, by means of their attachment writ. As said in Richardson v. Reed, 4 Gray, 441, "Attached goods are in the legal custody and possession of the officer only. The attaching creditor has no property in them, general or special, no right to the possession of them, and no right of action against a third person who may take them from the officer or destroy them." See also Blatchford v. Boyden, 18 Bradwell, 378, and cases cited.

That portion of the verdict by which the jury found the defendant not guilty, is responsive only to the pleas of *non cepit* and *non detinet*. Bourk v. Riggs, 38 Ill. 320; Hanford v. Obrecht, Id. 493; Underwood v. White, 45 Id. 457; Hanford v. Obrecht, 49 Id. 146; Mattson v. Hanisch, 5 Bradwell, 102; Wells on Replevin, § 746. The only issue involving the title to the property replevied, upon which the jury found in favor of the defendant, was the issue found upon the plea of property in Parker, Holmes & Co. As to the other issues the verdict is silent, and whatever inference may be drawn from such silence, it is manifest that it can not be an inference that the jury intended to find those issues also in favor of the defendant. The contrary presumption is to be indulged in if any. Wittich v. Traun, 27 Ala. 562; Stoltz v. The People, 4 Scam. 168.

The only plea of property to which the verdict is responsive is the plea that the property in the goods and chattels in question, at the time when, etc., was in Parker, Holmes & Co., and not in the plaintiff. It of course must be admitted that the material averment of this plea was, that the property in said goods and chattels was not in the plaintiff, and that the averment of property in Parker, Holmes & Co. was mere mat-

ter of inducement. Also that as to said plea the burden of proof was on the plaintiff. Anderson v. Talcott, 1 Gilm. 365; Reynolds v. McCormick, 62 Ill. 412; Atkins v. Byrnes, 71 Id. 326. It can not be held, however, that after the plaintiff had established title in herself under such issue by *prima facie* proof, the defendant could depart from his plea and rebut the plaintiff's *prima facie* case by proving title in some party other than the one named in his plea. In forming said issue the plaintiff averred that said goods and chattels belonged to her, and the defendant averred that they did not belong to her but to Parker, Holmes & Co. The issue, then, upon which the jury found their verdict, was as to which of these parties was the owner of the property. Upon this issue the plaintiff gave evidence which clearly established a *prima facie* title in her. This was met by the defendant by proof tending to show title, not in Parker, Holmes & Co., but in Dillon. This evidence was doubtless competent for the jury to consider as bearing upon the issues formed upon the plea of property in Dillon, and the plea of justification under the writ of attachment against him; but it had no application to the issue upon which the jury have found for the defendant. So far as that issue was concerned there was no evidence rebutting or disproving the plaintiff's title. The verdict, then, finding the property in said goods and chattels in Parker, Holmes & Co., was wholly unsupported by the evidence. The verdict is in no way aided by the fact that there was evidence upon which the jury might have found the property in some party other than the plaintiff, upon the other issues presented by the pleadings. Those issues not having been found for the defendant, must be deemed to have been found for the plaintiff, or at least to have been ignored by the jury. In the opinion of the jury, the plaintiff's title was established as against every other party named in the pleadings except Parker, Holmes & Co., but it was found that they owned the property. That finding being wholly without evidence, can not be sustained.

We are also of the opinion that the court erred in admitting in evidence the attachment affidavit. That affidavit was sworn to by one Pinkham, an agent of Parker, Holmes & Co., and

charged Dillon with having fraudulently conveyed, assigned, concealed or disposed of his property to hinder and delay his creditors, and with being about to make such fraudulent disposition of his property; and also charged him with fraud in the purchase of goods and merchandise from Parker, Holmes & Co. The affidavit was clearly incompetent, as it was a mere *ex parte* statement by a witness in a proceeding to which the plaintiff was not a party, and it was manifestly prejudicial to the plaintiff upon the issue of fraud in the sale of the goods and chattels in question by Dillon to her.

For the errors above pointed out, the judgment will be reversed and the cause remanded.

Judgment reversed.