## Thomas J. Pinkstaff v. William A. Cochran.

1. CHATTEL MORTGAGES—*On Merchandise, When Void.*—A chattel mortgage upon a stock of merchandise which, at the time of its execution the mortgagee knew would continue to be sold at retail and which the mortgagor did continue to sell at retail thereafter, is void as to purchasers and execution creditors.

2. SAME—*Where Possession is Taken.*—When a chattel mortgage is made as aforesaid, if possession of the property is taken under it before the rights of third parties accrue, the mortgagee will hold the property. Possession so taken is not vitiated by the illegal provisions of the mortgage.

3. SAME—*When Not Fraudulent.*—A mortgage on merchandise under which the mortgagor is permitted to continue the sale of the same at retail is not of itself a fraudulent conveyance of property in the absence of a fraudulent intent.

4. SAME—*Fraudulent in Law—Good as Between the Parties.*—A chattel mortgage fraudulent in law as to third persons is good as between the parties to it, as where it is not properly acknowledged or recorded.

5. SAME—*After-Acquired Property.*—A stipulation in a mortgage upon a stock of retail merchandise, that the mortgage shall include subsequently acquired stock, is an executory agreement of such a character that the mortgagee may, under it, take the property into his possession when it comes into existence and hold it for his security, and if he reduces it to his possession before any other lien has attached, he will hold it.

6. SAME—*On Property Not in Existence.*—A valid mortgage may be given upon property not owned by the mortgagor and not then in existence, if the mortgagor afterward acquires it, but it is not good as against creditors or purchasers as to such property until possession is taken by the mortgagee.

7. FRAUD—*Permitting Mortgagor to Sell Goods at Retail.*—It is a fraud in law on the part of a mortgagee to permit the mortgagor of a stock of merchandise to make sales of the same at retail.

8. BURDEN OF PROOF—*In Replevin.*—In replevin, where the defendant pleads property in a third person and justifies under an execution, the issue is the right of the plaintiff to the property and he must sustain his right or fail in the action.

**Replevin.**—In the Circuit Court of Lawrence County; the Hon. ED-MUND D. YOUNGBLOOD, Judge, presiding; declaration, etc.; pleas of *non cepit, non detinet,* justification and title in stranger; issue joined on first two and replication as to the third and fourth pleas, and issue joined on

same; trial by the court; finding for defendant; appeal by plaintiff. Submitted at the August term, 1894. Affirmed. Opinion filed March 23, 1895.

APPELLANT'S BRIEF, J. E. McGAUGHEY, P. G. BRADBURY AND B. S. ORGAN, ATTORNEYS.

When new goods have been added to a mortgaged stock and the mortgagee takes possession of the entire stock, by consent of the mortgagor, by way of pledge before the rights of creditors have intervened either by attachment or levy, he has a right as against such creditors to enforce his mortgage against all the goods. If attachments or levies of execution be made upon such goods, after the mortgagee has taken possession, these can affect only the remainder of the goods or proceeds thereof after the mortgage is paid. Chapman v. Weimer, 4 Ohio St. 481; Jones on Chattel Mortgages, Sec. 482 and 164a; People v. Bristol, 35 Mich. 28.

A chattel mortgage given to secure a debt which does not mature until after the expiration of two years, and provides for possession by the mortgagor until it does mature, will only be good for two years from the date of the mortgage; after that time it ceases to be a lien. Cook v. Thayer, 11 Ill. 617.

APPELLEE'S BRIEF, GEE & BARNES AND FOSTER & ROBINSON, ATTORNEYS.

A chattel mortgage can not be made valid as to after-acquired property against the claims of creditors. Hunt v. Bullock, 23 Ill. 30; Titus v. Mabee, 25 Ill. 257; Schermerhorn v. Mitchell, 15 Ill. App. 419.

A mortgagee who allows mortgaged property to be sold, without requiring the proceeds thereof to be applied upon the mortgage debt, loses the lien thereof. Orebaugh v. Davis, 44 Ill. App. 598; Simmons v. Jenkins, 76 Ill. 479; Goodheart v. Johnson, 88 Ill. 58.

An agreement that the mortgagor might sell the goods and account to the mortgagee, is fraudulent and void. Deering v. Washburn, 141 Ill. 153.

A mortgagee who permits his mortgagor to sell the mortgaged property in the usual course of trade, destroys the efficacy of the mortgage, and the same becomes void as to creditors.    Davis v. Ransom, 18 Ill. 396; Barnet v. Fergus, 51 Ill. 352; Dunning v. Mead, 90 Ill. 376; Greenbaum v. Wheeler, 90 Ill. 296; Huschle v. Morris, 131 Ill. 587; Yoger v. Messinger, 15 Ill. App. 263.

Possession must be taken and a delivery made, property movable must be removed or the transaction will be fraudulent.    Twyne's case, 3 Coke, 80; S. C., 1 Smith Leading Cases, 1; Curran v. Bernard, 6 Ill. App. 341; Lewis v. Swift, 54 Ill. 436; Broadwell v. Howard, 77 Ill. 305; Allen v. Carr, 85 Ill. 388; Thompson v. Wilhite, 81 Ill. 356; Ticknor v. McClelland, 84 Ill. 471.

A mortgage upon a stock of merchandise under that general description, attaches only to such merchandise as was in the store when the mortgage was executed, and not any afterward purchased.    Rockford Watch Co. v. Manfield, (Neb.) 55 N. W. Rep. 236; Van Vectin v. McKane, 23 N. Y. S. 428, 69 Hun 510.

A chattel mortgage can not be used by the mortgagee to protect his mortgagor and hinder and delay creditors. Stromvh. Hayes, 70 Ill. 40; Blotchford v. Boyden, 18 App. 379.

MR. JUSTICE SAMPLE DELIVERED THE OPINION OF THE COURT.

This case was tried before the court and the record shows the following state of facts:    That appellant, on the 11th day of April, 1892, sold his store building and stock of general merchandise therein to T. J. and Wm. F. Shively, for $4,500, on which was paid $2,500, and the balance secured by chattel mortgage on the stock of goods then in the store, payable as follows: $1,000 in two years and $1,000 in three years from said date.    The purchasers entered into immediate possession of said property, and began to make sales at retail, as had theretofore been done.    This was with the full knowledge and evident consent of appellant.

In October, 1892, Wm. Shively sold out his interest to his brother, Thomas, for $1,500, the amount of money he had

Pinkstaff v. Cochran.

contributed to the original purchase, and took a note therefor. On August 31, 1893, he took a new note, for the sum of $1,582.50, due September 1, 1894, which was secured by a chattel mortgage on the stock of goods, subject to the mortgage given to the appellant, and filed for record September 25, 1893.

On September 25, 1893, Thomas Shively confessed judgment in favor of Hulman & Co., for $306, on which execution was issued and placed in the hands of the sheriff on October 9, 1893. Up to this time less than $40 had been paid on the debt of appellant. Prior to this time—about October 1st—appellant was informed by Shively that he had given judgment notes, but the parties had promised to give him a few days in which to pay them; that if they did not do so, he should protect himself by taking possession of the goods. Shively, about that time, left for Chicago, and during his absence, on the 4th day of October, appellant took possession of the stock of goods, and wired Wm. Shively, in Indiana, of the fact, who answered, requesting appellant to also take possession for him. On the 5th of October he came to Pinkstaff, Ill., and also claims that possession was taken under his mortgage, in subordination to that of appellant. An inventory was taken by appellant, which showed there was $5,200 worth of stock in the store, about one-half of which was of the original stock, the residue having been purchased to replace that sold and to increase the stock. The store being kept closed by appellant and Wm. Shively until the 19th of October, the officer holding said execution could not levy until that time. The levy was then made on about $600 worth of goods and the same taken away, whereupon appellant brought this suit in replevin.

There is no question as to the *bona fides* of the mortgage debts. Both mortgages, however, were invalid as to purchasers and execution creditors, for the reason that the mortgagees knew, not only when the mortgages were given on the stock of goods that they would continue to be sold at retail, but that the mortgagor so continued thereafter to sell them. Reed v. Wilson, 22 Ill. 377; Barnett v. Fergus, 51 Ill. 352; Herschle v. Morris, 131 Ill. 587.

If, however, possession is taken before the rights of third parties accrue, then such mortgagees can hold the property. Reed v. Wilson, 22 Ill. 377.

Such a mortgage is not of itself a fraudulent conveyance of property, in the absence of a fraudulent intent. Rhode v. Matthin, 35 Ill. App. 149, 150; Barnet v. Fergus, 51 Ill. 352. It is a fraud in law on the part of the mortgagee in permitting the mortgagor to so make sales by retail. A chattel mortgage fraudulent in law as to third parties, is good as between the parties to it, as where it is not properly acknowledged or recorded. Chipron v. Feihert, 68 Ill. 284; Gaar, Scott & Co. v. Hurd, 92 Ill. 315; Webber v. Mackey, Nisbet & Co., 31 Ill. App. 377; Giffert v. Wilson, 18 Ill. App. 214.

Possession was taken under the mortgages several days before the execution, under which the appellee made his levy, was issued; such possession, however, was of the entire stock of goods, though the undisputed evidence is that at least one-half of such stock, and we think much more, was new goods, purchased after the giving of appellant's mortgage. The mortgages did not provide for including subsequently acquired stock. This is essential as between the parties. Jones on Chattel Mortgages, Sec. 167. Such a stipulation is an executory agreement of such a character that the creditor with whom it is made may, under it, take the property into his possession when it comes into existence, and hold it for his security, and whenever he does so take it into his possession, before any attachment or other lien has been made of the same, such creditor, under his executory agreement, may hold the same. Gregg v. Sanford, 24 Ill. 17–20.

In the case of Con. Tank Line Co. v. Collier, 148 Ill. p. 264, it is said: "It is the settled rule in this State that a valid mortgage may be given on personal property not owned by the mortgagor and not then in existence, if he afterward acquires it;" but it is not good as against creditors or purchasers as to such property until possession is taken of it by mortgagee. Gettings v. Nelson, 86 Ill. 591;

Titus v. Mabee, 25 Ill. p. 260.   And then, as heretofore stated, the mortgage must in terms cover such property.

The evidence is clear that appellant did not take or retain possession of the goods by virtue of any agreement with Thomas Shively, outside of the mortgages.   In answer to questions propounded by the court, appellant stated twice that he took the goods under the mortgages and also stated he was proceeding to sell them thereunder when the levy was made.   The appellee, the sheriff, in addition to the usual pleas, pleaded property in Thomas Shively and justified under his execution, which was issued to collect a judgment confessed for goods sold after the execution of appellant's mortgage.  " On such an issue the substantial matter in dispute is the right of the plaintiff to the property.   The plaintiff holds the affirmative of the issue and must sustain his right or fail in the action."   Anderson v. Talcott, 1 Gilm. 371; Atkins v. Byrnes, 71 Ill. 326.   The burden of the proof was, therefore, on the plaintiff, appellant, to show that he was entitled to the immediate possession of the identical goods replevied.   See, also, Sec. 94, Wells on Replevin.   He only had the right to the possession of those goods, in any event, that were included in the mortgages at the time of their execution, as heretofore shown.   There is no evidence to show they could not be identified.   If they could not be, the confusion was by the mortgagee's consent and therefore he could not claim the entire stock.   The evidence is undisputed that Shively had a good trade and sold a great many goods.   Doubtless a large part of the original goods had been sold.   How much, if any, of the old goods were levied upon, the evidence does not disclose. It was for the appellant to show the fact, in view of the evidence and the issues in this case.   In the case of Schemerhorn v. Mitchell, 15 Ill. App. 418, very like this one in its facts and issues, it was held the execution would hold the property.

The judgment is affirmed.