. 91        11
109        60
109        61

Henry Ogden, Trustee, v. F. E. Minter and Wm. T. Walters.

1. Chattel Mortgages—*When Valid Without Acknowledging or Recording.*—Where a mortgagee actually obtains possession of the mortgaged property before any other rights attach, he will hold it the same as if his mortgage were properly acknowledged and recorded, or as if possession had passed to him at the time it was executed.

Replevin.—Appeal from the Circuit Court of Gallatin County; the Hon. Edmund D. Youngblood, Judge, presiding. Heard in this court at the February term, 1900. Reversed and remanded. Opinion filed September 8, 1900.

Carl Roedel, attorney for appellant.

J. E. Bartley, G. W. Pillow and Parsons & Hanlon, attorneys for appellees.

Mr. Justice Creighton delivered the opinion of the court.

This was an action in replevin, in the Circuit Court of Gallatin County, by appellant against appellees, to recover possession of certain mules, harness, dump cart, scrapers and a plow, described in the writ and declaration. The declaration is in the usual form, to which defendants pleaded *non cepit, non detinuet,* property in a third person, one R. L. Bailey, and that the property was taken on execution against R. L. Bailey as the property of said Bailey.

A jury was duly impaneled and sworn to try the case, and the trial progressed to the conclusion of all the evidence, when, upon motion of appellee's counsel the court instructed the jury to return a verdict finding appellees not guilty, and finding the right of property to be in appellee Minter, and such verdict being returned the court rendered judgment thereon.

J. F. Keeney and R. L. Bailey were partners at Carbondale, Illinois, in the year 1898, doing grading for the I. C. R. R. Co., and while there they became indebted to appellant and others at Carbondale, in the aggregate sum of

$881.67, which they were at the time unable to pay. Their
property consisted of mules, harness, scrapers, carts, etc.,
and belonged to the partners separately, and not to the
firm. Keeney had a contract at Cairo, where he resided,
and Bailey had taken one on the Shawneetown levees. They
were about to dissolve their copartnership relations and go
to their respective work, each taking his own property with
him; but their Carbondale creditors would not consent to
their removing the property unless they were secured. At
a meeting of the parties interested it was agreed that
Keeney and Bailey should secure their joint indebtedness
by chattel mortgages on their respective properties. With
this purpose they applied to an attorney to prepare the
papers. He suggested the appointment of a trustee for the
creditors, to whom the note should be made payable, and
Ogden was accordingly chosen, and a note was drawn up
and executed by the debtors for the amount of their indebt-
edness. This note bears date of October 10, 1898, and is made
payable to appellant as trustee for Solomon Winters, J. M.
Cogsdal, Henry Ogden and the Carbondale Grocery Com-
pany. On inquiry the attorney learned that Bailey resided
in Lawrence county, this State, and therefore advised him
he would have to go to his home and acknowledge his
chattel mortgage before the proper officer, and have it
recorded in that county. Owing to the expense and delay
attending this course, Bailey was not inclined to follow it,
and proposed to sell his property to Keeney and let him
make the mortgage to secure the joint indebtedness. The
attorney advised this could be done, and Bailey accordingly
made a sale of his property to Keeney, and went with him
and pointed out the property, but Keeney did not then take
permanent possession of it. On returning to Schwartz's
office, a bill of sale was drawn up and executed by Bailey,
selling this property to Keeney. The bill of sale does not
provide for the possession of the property remaining with
Bailey. At the same time the bill of sale was executed and
as part of the same transaction, a chattel mortgage was pre-
pared for Keeney to execute, to secure the note to appel-
lant as trustee. This mortgage was on the same property

embraced in the bill of sale, and on other property owned by Keeney, and was executed by Keeney, duly acknowledged and recorded. Thereafter Bailey was permitted by Keeney and appellant to remove this property to Shawneetown, to be used by him in prosecuting the work he had contracted to do at that place. While there Bailey claimed the property as his own, and did not disclose the existence of the bill of sale, nor of the mortgage. These instruments were not recorded in Gallatin county. There is no question raised as to the *bona fides* of the indebtedness of Keeney and Bailey to the parties for whom appellant is trustee, nor of the good faith of these transactions by which it was attempted to secure such debts.

This record discloses that upon the trial in the Circuit Court there was substantial evidence tending to prove that on February 7, 1899, appellant was at Shawneetown with his note and mortgage for the purpose of collecting the amount due on the note, or foreclosing his mortgage. Not being able to collect the money he demanded the property of Bailey and about eight or nine o'clock in the forenoon of that day Bailey voluntarily surrendered it to him for the purpose of enabling him to sell and make the money out of it to pay the note, Bailey at the same time requesting appellant to make as little expense in the matter as possible. Appellant at once took entire possession and control of said property and posted notices of sale, under the power and in accordance with the terms of the mortgage. During the day of February 7th, and after the property had been delivered by Bailey to appellant, Bailey confessed two judgments for $200 each, upon which executions issued and were placed in the hands of appellee Minter, as constable, at the hour of nine o'clock on the evening of said day. At sunrise on the morning of the 8th said appellee levied on the property and took it into possession under these executions.

The validity of appellant's mortgage and the extent to which it is valid, if it all, are questions that arise upon this record. Appellant's counsel insists that it is in all respects valid, and that independent of the question as to appellant's

possession at the time of the levy by appellee, the mortgage is prior and superior to the executions. Appellees' counsel insist that the mortgage is absolutely void, and that wholly independent of the question as to appellant's possession at the time of the levy, the executions should hold the property. We do not see our way clear to fully agree with either of these positions.

The bill of sale from Bailey to Keeney was made in good faith, was supported by sufficient consideration, and was in all respects valid as between the parties, and the property was included in the mortgage as Keeney's property at Bailey's instance, and for the sole purpose of securing Bailey's part of the firm indebtedness. As between Bailey, Keeney and appellant, this transaction constituted a perfectly valid mortgage.

Our conclusion is that while the transactions are valid as between the parties, they would not be valid against third persons with respect to rights or interests that might attach before possession should be taken under these defectively executed instruments. Although the possession of personal property by the mortgagor may be fraudulent in law as against creditors and purchasers, by reason of the mortgage not having been properly executed, acknowledged or recorded, still if the mortgagee actually obtains possession before any other rights attach he will hold the same position he would if there had been no defect in the execution, acknowledging or recording, or as if the possession had passed to him at the time the mortgage was given. Frank v. Miner, 50 Ill. 444; Giffert v. Wilson, 18 Ill. App. 214; Gaar, Scott & Co. v. Hurd, 92 Ill. 315; Chipron v. Feikert, 68 Ill. 284.

The controlling question in this case is a question of fact as to appellant's prior possession of the property. If appellant had obtained possession of the property, as the evidence tends to show he had, before the executions under which appellee justifies became liens, then appellant was lawfully entitled to retain it. The Circuit Court erred in not submitting the case to the jury.

The case is reversed and remanded.