## F. A. Farnham, Trustee, etc., v. J. G. Friedmeyer.

1. BANKRUPTCY—*Where Suit to Recover Money from Resident Debtors of Bankrupt Should be Brought.*—Where the trustee and the parties sued all reside in this state, an action to recover money owing to a bankrupt is properly brought in the State Court.

2. SAME—*Preference Created by a Bill of Sale is Created When it is Delivered.*—A bill of sale becomes effective and complete when it is delivered, and if it operates as a preference it does so at that time.

3. LIENS—*A Note and Bill of Sale Create a Lien Although Not Acknowledged or Recorded.*—A note and bill of sale being for a *bona fide* indebtedness created between the parties, create a valid lien upon the chattel property mentioned in the bill of sale to secure the payment of the note, although the bill of sale was not acknowledged or recorded as provided by our statute.

4. SAME—*When Chattels Are Taken into Possession, Title Relates Back to Delivery of the Bill of Sale.*—Where a party takes possession of chattels mentioned in his bill of sale before any interests of the trustee in bankruptcy have attached, his title thereto under his bill of sale relates back to the date of delivery of the bill of sale.

Assumpsit.—Appeal from the Circuit Court of Sangamon County; the Hon. JAMES A. CREIGHTON, Judge presiding. Heard in this court at the November term, 1902. Affirmed. Opinion filed April 30, 1903.

ALONZO HOFF, attorney for appellant.

A chattel mortgage on a stock of goods which permits the mortgagor to remain in possession until default in payment of the debt secured, with power to sell the goods as theretofore, is void. Robinson v. Elliott, 22 Wall. 513; Crooks, Assignee, v. Stuart, 7 Fed. 800; Smith, Assignee, v. Ely, 10 N. B. R. Rep. 553; Kane, Assignee, v. Rice, 10 N. B. R. Rep. 469; In re Foster, 18 N. B. R. Rep. 64; In re Kahley, 4 N. B. R. Rep. 378; In re Eldridge, 4 N. B. R. Rep. 498; Stroud v. McDaniel (U. S. C. C. A.), 106 Fed. Rep. 493; (also, Vol. 5, American Bankruptcy Rep. 695;) In re Pekin Plow Co., 7 American Bankruptcy Rep. 369.

ALBERT SALZENSTEIN, attorney for appellee; E. S. SMITH, of counsel.

A chattel mortgage, or bill of sale in the nature thereof, is good between the parties, although not acknowledged or

recorded, and although it is on a stock of goods which is being sold in the usual course of business. Fuller v. Paige, 26 Ill. 358; Badger v. Batavia Mfg. Co., 70 Ill. 302; Sumner v. McKee, 89 Ill. 127; Barchard v. Kohn, 157 Ill. 579; Webster v. Nichols, 104 Ill. 160–177.

A chattel mortgage or bill of sale in the nature thereof, not acknowledged or recorded, even though it is on a stock of goods which is sold by the mortgagor in the course of business, is valid against all parties, if mortgagee actually obtains possession before other rights attach, by way of attachment, execution or adverse possession. Frank v. Miner, 50 Ill. 444; Chipron v. Feikert, 68 Ill. 284; Gaar, Scott & Co. v. Hurd, 92 Ill. 315; Second Nat. Bank v. Gilbert, 174 Ill. 485–492; Sellers v. Thomas, 185 Ill. 384–·389; Giffert v. Wilson, 18 Ill. App. 214; Ogden v. Minter, 91 Ill. App. 11; Stewart v. Platt, 101 U. S. 731.

The rule established by the above authorities applies to bankruptcy matters both under the acts of 1867 and 1898, and in such cases the assignee or trustee has no right superior to the mortgagee acquiring possession or recording his mortgage prior to the bankruptcy. Stewart v. Platt, 101 U. S. 731; Sawyer v. Turpin, 91 U. S. 114; Matthews v. Westphal, 1 McCrary, 448 (S. C., 48 Fed. Rep. 666); In re Sewell, 111 Fed. Rep. 791; In re N. Y. Economical Printing Co., 110 Fed. Rep. 514; In re Wright, 96 Fed. Rep. 187; Asbury Park Bldg. Assn. v. Shepherd, 50 Atl. Rep. 65.

If a mortgagee, holding an unacknowledged and unrecorded chattel mortgage, or bill of sale in the nature thereof, obtains possession or records the same before any other rights attach, his rights will relate back to the delivery of the instrument and not to the date of taking possession or recording it. Frank v. Miner, 50· Ill. 444; Sellers v. Thomas, 185 Ill. 389; Ogden v. Minter, 91 Ill. App. 11; Dean v. Plane, 195 Ill. 495; In re Wright, 96 Fed. Rep. 187.

Mr. Justice Burroughs delivered the opinion of the court.

The appellant, F. A. Farnham, as trustee of the estate of the Radcliff Grocery Company, bankrupt, brought an

action of assumpsit in the Circuit Court of Sangamon County, against the appellee, J. G. Friedmeyer, to recover the sum of $206.50, which the former claimed from the latter under the following stipulation of facts duly signed by counsel of each of the parties, which is as follows:

"It is stipulated and agreed that on May 30, 1901, the Radcliff Grocery Company, consisting of A. S. Radcliff, D. W. Radcliff and C. A. Radcliff, were solvent, and borrowed of John G. Friedmeyer the sum of two hundred dollars, which he advanced to them that day and took their note for said sum of two hundred dollars, payable five months after date, with interest at seven per cent per annum, and a bill of sale on their entire stock of groceries, now in stock, of the probable value of twenty-five hundred dollars; that the same be kept at that figure or amount as near as can be, and all fixtures in said store room located at and known as No. 405 East Monroe street, Springfield, Illinois; also one horse and wagon; the bill of sale stating it is given to secure a note of two hundred dollars of even date herewith, due October 30, 1901, the note and bill of sale to be attached as part of the stipulation.

It is further stipulated this money was used by the said Radcliff Grocery Company to pay debts of said firm. The said bill of sale was not acknowledged or recorded, but on the fourth day of November, 1901, said John G. Friedmeyer took exclusive possession of said stock of goods and fixtures about four o'clock in the evening of said day which were of the appraised value of $850, at said time.

At the time of taking possession of said property mentioned in said bill of sale the said Radcliff Grocery Company was insolvent, and the next day filed a petition to be adjudged bankrupts in the United States District Court for the Southern District of Illinois at eleven o'clock A. M., and were thereafter adjudged bankrupts by said court, and F. A. Farnham was duly elected and qualified as trustee; that after his appointment an agreement was made between said trustee and said John G. Friedmeyer, which is hereto attached as " Exhibit B "—being a petition for an order which is approved by the referee. And that thereafter, on December 13, 1901, two hundred and six dollars and fifty cents under said stipulation was paid by said Farnham to said Friedmeyer.

It is further stipulated that about noon on the fourth day of November, 1901, A. S. Radcliff, of the firm of the

Radcliff Grocery Company, called on said Friedmeyer and informed him that the Radcliff Grocery Company was involved, that their expenses had consumed their business and taken their stock, and that they were very much pressed by creditors; that said Radcliff stated that they could not go any further, and that as said Friedmeyer had been kind in loaning this money and in not putting the bill of sale on record, requested said Friedmeyer to foreclose, and that said Friedmeyer, as soon as he could get away from existing business, which was about four o'clock, in pursuance of such notice took possession of said stock in order to protect himself, thinking otherwise some other creditor would do so.

It is further stipulated that the schedule and files in the bankruptcy matter referred to may be referred to by either party if they so desire, and the portion so referred to may be considered as incorporated into this stipulation.

It is further stipulated that two questions are presented for determination of the court in this case: First, as to the right of the plaintiff to recover in a common law action, and second, as to the right of recovery at all."

"Exhibit B" attached to the stipulation is as follows :

"In the District Court of the United States,
For the Southern District of Illinois.

In the Matter of
The Radcliff Grocery Co.,            In Bankruptcy.
Bankrupt,

To the Hon. E. S. Robinson, Referee in Bankruptcy :

Your petitioner, F. A. Farnham, respectfully represents unto Your Honor that he is the duly elected trustee of the bankrupt estate of the Radcliff Grocery Co. in said court.

That among the assets of said estate is a certain stock of groceries and fixtures in the city of Springfield, county of sangamon, state and district aforesaid. That the said Radcliff Grocery Co., on the 4th day of November, A. D. 1901, delivered possession of said stock of groceries and fixtures to one John G. Friedmeyer to secure said Friedmeyer to the extent of two hundred dollars and interest, for money loaded the Radcliff Grocery Co.

Your petitioner further represents unto Your Honor that said Friedmeyer refuses to deliver possession of said stock and fixtures, except upon terms, claiming the legal right to possession thereto. Petitioner further shows unto Your Honor that said Friedmeyer has agreed with your petitioner

to deliver said property to petitioner upon the following terms, to wit:

That said stock when sold in this bankruptcy proceeding shall be. sold free of any liens claimed by reason of such claim of said Friedmeyer, with the order of this court directing your petitioner to pay over to said Friedmeyer the sum of $200 and the interest due him, out of the proceeds of such sale, which amount is to be retained by said Friedmeyer pending the rights of petitioner or said Friedmeyer to said sum to be determined by law. Neither party waiving any right on account of such payment.

Your petitioner therefore prays for an order of this honorable court authorizing your petitioner to pay said sum over to said Friedmeyer upon the terms above set forth in this petition after the approval of the sale of said stock and fixtures now in possession of said Friedmeyer, to be hereafter sold in said bankruptcy proceeding, and your petitioner will ever pray, etc.

Nov. 18, 1901.                    F. A. FARNHAM, Trustee.

### ORDER OF REFEREE ON PETITION.

The above agreement is hereby approved, and the trustee herein is directed to pay said amount to said John G. Friedmeyer on terms and conditions above set forth.

Witness my hand this 18th day of November, 1901.

E. S. ROBINSON,
Referee in Bankruptcy."

The note and bill of sale referred to in the stipulation are as follows:

### NOTE.

" This note is secured by a bill of sale of even date herewith."

$200                    SPRINGFIELD, ILLINOIS, May 30, 1901.

Five months after date we promise to pay to the order of John G. Friedmeyer, two hundred dollars with interest at 7 per cent per annum, at Springfield, Ill. Value received.

Due Oct. 30, 1901.

THE RADCLIFF GROCERY COMPANY.
A. S. RADCLIFF.
D. W. RADCLIFF.
Rev. Stamp.                    C. A. RADCLIFF."

### BILL OF SALE.

" Know all men by these presents, that the Radcliff Grocery .Company, consisting of A. S. Radcliff, D. W. Rad-

cliff and C. A. Radcliff, of the city of Springfield, in the county of Sangamon and State of Illinois, party of the first part, for and in consideration of the sum of two hundred dollars ($200) lawful money of the United States of America, to them in hand paid, at or before the ensealing and delivery of these presents by John G. Friedmeyer, of the second part, the receipt whereof is hereby acknowledged, has granted, bargained, sold and delivered, and by these presents does grant, bargain, sell and deliver unto the said party of the second part, all the following goods, chattels and property, to wit:

The entire stock of groceries now in stock of the probable value of $2,500, and that the same be kept at that figure or amount as near as can be, and all fixtures in said storeroom, located at and known as 407 East Monroe street, in Springfield, Ill., also one horse and two wagons. This bill of sale is given to secure a note of $200 and interest, of even date herewith, due Oct. 30, 1901.

To have and to hold the said goods, chattels and property unto the said party of the second part, his heirs, executors, administrators and assigns, to and for his own proper use and behoof forever.

And the said parties of the first part do vouch themselves to be the true and lawful owners of the said goods, chattels and property, and have in their full power, good right and lawful authority to dispose of the said goods, chattels and property in manner as aforesaid.

And we do for our heirs, executors and administrators covenant and agree to and with the said party of the second part, to warrant and defend the said goods, chattels and property to the said party of the second part, his executors, administrators and assigns, against the lawful claims and demands of all and every person and persons whomsoever.

In witness whereof, we have hereunto set our hand and seal the 30th day of May, in the year one thousand nine hundred and one.

Sealed and delivered in the presence of

THE RADCLIFF GROCERY. CO. [SEAL.]

A. S. RADCLIFF. [SEAL.]

D. W. RADCLIFF. [SEAL.]

C. A. RADCLIFF. [SEAL.]"

Under the stipulated facts the Circuit Court found in favor of the appellee and entered judgment in bar of the action. The appellant having excepted to the finding and

judgment, appeals to this court to reverse the judgment on the alleged grounds that the finding and judgment are against the law and evidence.

The appellant properly brought this action in the Circuit Court of Sangamon County, where both parties thereto reside. McCormick v. Page, 96 Ill. App. 447; Bardes v. Hawarden Bank, 178 U. S. 524.

The note and bill of sale being for a *bona fide* indebtedness created between the appellee and the copartners constituting the grocery company, who were the makers thereof, created on May 30, 1901, the day they were made, a valid lien upon the chattel property mentioned in the bill of sale to secure the payment of the note, in favor of the appellee as against such makers, although the bill of sale was not acknowledged or recorded as provided by our statute (Fuller v. Paige, 26 Ill. 358; Porter v. Dement, 35 Ill. 479; Frank v. Miner, 50 Ill. 444, and Ogden v. Minter, 91 Ill. App. 11), and when appellee took possession of the chattel property mentioned in his bill of sale, on November 4, 1901, before any rights of the appellant attached, his title thereto under his bill of sale related back to May 30, 1901, which was four months before the makers of the bill of sale were declared bankrupts, and appellant was appointed trustee of their estate, and he can not avoid such title under the bankrupt act for the reason that it provides only for such trustee avoiding preferences given by the bankrupts within four months before the filing of the petition in bankruptcy, and the person receiving it or to be benefited thereby, or their agent acting therein, shall have reasonable cause to believe that it was intended thereby to give such preferences. The bill of sale in this case was made more than four months before the petition in bankruptcy of the partners constituting the grocery company was filed, and such bill of sale became effective and complete when it was delivered May 30, 1901, and if it had operated as a preference, it did so at that time. Dean v. Plane, 195 Ill. 495.

Counsel for the appellant contend that a preference was created by the bill of sale when the appellee took posses-

sion of the chattel property November 4, 1901, and for that reason it was invalid as against appellant under the bankrupt act; but the decisions are uniformly to the contrary. Dean v. Plane, 195 Ill. 495, and Ogden v. Minter, 91 Ill. App. 11.

It follows that the judgment of the Circuit Court was in accordance with the law and facts in this case, and therefore it will be affirmed.