## Weber Implement Company, Appellant, v. C. C. Huthmacher et al., Appellees.

1. REPLEVIN—*effect of pleas of property in defendant and others.* Under such pleas the question to be determined is the right of the plaintiff to possession of the property, and upon this issue the plaintiff holds the affirmative of the case and must sustain his right by a preponderance of the evidence or fail in the action.

2. CHATTEL MORTGAGES—*when failure of mortgagee to foreclose does not affect lien.* If the first mortgagee fails to take possession under his mortgage until several months after the maturity of the indebtedness suffered thereby, his rights are not affected as against the lien of a subsequent mortgagee who makes no attempt to take possession under his mortgage until after the first mortgagee had taken possession.

3. CHATTEL MORTGAGES—*effect of replacing mortgagor in possession after condition broken.* Where the mortgagee of chattel property takes possession of the same after condition broken and retains the same a reasonable time he has a right thereafter to loan or hire the same property either to the mortgagor or to anyone else, and such transaction does not indicate either fraud or an abandonment of possession.

Replevin. Appeal from the Circuit Court of Jackson county; the Hon. WILLIAM N. BUTLER, Judge, presiding. Heard in this court at the October term, 1910. Affirmed. Opinion filed April 15, 1911. Rehearing denied May 16, 1911.

McELVAIN & GLENN and W. A. SCHWARTZ, for appellant.

JOHN H. MARTIN and JAMES M. HERBERT, for appellees.

MR. JUSTICE HIGBEE delivered the opinion of the court.

This was a suit in replevin brought by appellant, as mortgagee, to recover possession of a separator with stacker, a Buckeye saw mill outfit and a 15 horse power engine.

The case has been twice tried in the court below, each trial resulting in a verdict in favor of appellees.

The first verdict was set aside, but the second was sustained by the trial court and this appeal resulted.

The record in this case discloses the following state of facts:  On December 28, 1906, appellee Confer was indebted to appellant in the sum of $740, secured by a chattel mortgage on the property above described, and on that day appellant sent its agent, John Boe, to Grand Tower, Illinois, to collect the debt.  Boe met Confer at that place and the latter executed his note to the First National Bank of Grand Tower, of which appellee Huthmacher was president, for the sum of $724.  The proceeds of this note, amounting to $669, were delivered to Boe and paid on Confer's indebtedness, leaving still due appellant, including $4 collection cost, the sum of $75.  At the same time Confer executed a chattel mortgage on the same property to the bank, to secure said note, which was due ten months after date, with interest from maturity.  At the time said collection was made, Confer made an agreement with Boe for the purchase of a twenty horse power engine, Confer undertaking to turn in the fifteen horse power engine above mentioned and pay $1,000 in addition thereto, for the new engine.  To carry out the agreement, Confer executed a mortgage to appellant on the same property which he had mortgaged to the bank and also the twenty horse power engine, to cover the balance of the $75 due appellant on the former debt and the $1,000 to become due under the contract for the new engine.  The $75 note fell due in a few months and was paid.  The payment of $1,000 was divided into three notes falling due respectively on August 1, 1907, 1908 and 1909.  The last named mortgage to appellant was acknowledged before a justice of the peace thirty minutes after the mortgage to the bank had been acknowledged before the same officer, but was filed with the recorder of the county on December 29, 1906, while the mortgage to the bank was not filed for record until two days later.

At the time the two mortgages were executed, it was agreed by Boe, representing appellant, that the mortgage to the bank should be a prior lien upon the property named therein. As soon as the bank discovered that appellant's mortgage had been recorded at a date prior to its own, it notified appellant that it must satisfy its mortgage of record or if this was not done, the bank would take possession and sell the property at once. Subsequently, after some correspondence between the bank and appellant, the latter fully recognized the bank's right of priority and in pursuance of this understanding, a new chattel mortgage upon the same property, and to secure the same notes, was executed by Confer to appellant, on January 25, 1907, and filed for record by the latter. The new engine mentioned in appellant's mortgage of December 28, 1906, was not delivered to Confer until after the execution of his mortgage to it, of January 25, 1907. An arrangement was also attempted to be brought about by appellant and Confer, whereby the bank was to receive a payment of $250 on its debt and release the fifteen horse power engine. This arrangement, however, was not concluded and is not essential to the consideration of the case, except as evidence tending to sustain appellee's contention that the bank's mortgage was recognized by appellant as a prior lien.

A short time before October 28, 1907, when the note to the bank fell due, the latter gave notice to Confer that his paper was about to mature and two days prior to said date Confer, for the benefit of the bank, executed to T. W. Rowe, one of its stockholders, a bill of sale of the mortgaged property, which was never recorded. When the bill of sale was made, Confer's note was taken up and Rowe's, for the same amount, given to the bank in place of it. At the time of the execution of the bill of sale to Rowe, the property named therein seems to have been scattered but it was taken possession of from time to time under the bill

of sale, the last being the separator, which was taken possession of the following January. Subsequently some of the machinery was operated by Confer for the bank, under an agreement, by which he was to retain one-third of the profits and turn over two-thirds to the bank. The bank never at any time gave public notice of sale under its mortgage, nor was any public sale of the property ever made by it.

In the latter part of July, 1908, the second of appellant's notes being unpaid and long past due, Boe, as its agent, took another person with him and went to Grand Tower to take possession of the property. They took the engine and separator and started to move them, when their arrest was caused by appellees on a charge of stealing the property. A day or two later appellant commenced this suit in replevin and took possession of the property in question.

Appellant contends that neither the bank nor Rowe had possession of the property in controversy when its agent Boe attempted to take possession thereof in July, 1908; that the bill of sale to Rowe entirely eliminated the bank's mortgage from the case; that Rowe never had possession of the property or exercised any ownership over the same; that if Rowe took title to the property at all, he took it subject to appellant's mortgage and that the question whether the bank's mortgage should or should not have priority over that of appellant is immaterial.

The pleas in this case, in addition to the general issue, set up property in appellee Huthmacher, in Rowe and in the First National Bank of Grand Tower. Under such pleas the question to be determined is the right of the plaintiff to possession of the property and upon this issue the plaintiff holds the affirmative of the case and must sustain his right by a preponderance of the evidence or fail in the action. Atkins v. Byrnes, 71 Ill. 326; Dobbins v. Hanchett, 20 Ill. App. 396; Pinkstaff v. Cochran, 58 Ill. App. 72.

The substantial question to be first determined in

this case is whether appellant was, at the time it sued out its writ of replevin, entitled to the possession of the property in question, by virtue of its mortgage of December 28, 1906, upon which it relies.

It was plainly shown by the proofs that the agent of appellant consented at the time of the execution of the two mortgages, that the bank mortgage should have priority and that this agreement was afterwards ratified by appellant, who had another mortgage upon the same property to secure their debt. By agreement between the parties a mortgage which is first recorded may be postponed to a mortgage subsequently recorded. Jones on Chattel Mortgages, sec. 245A.

We are of opinion that under the facts in the case, appellant is estopped from denying the priority of the bank's mortgage and that for the purposes of this suit, the bank mortgage must be considered a prior lien to the mortgage of appellant. The fact that the bank did not reduce all of the mortgaged property to possession until several months after the maturity of its mortgage was no fraud against or injury to appellant, who did not attempt to take possession of the same until a still later date and appellant is not in position to take advantage of the bank's delay. Cunningham v. Nelson Mfg. Co., 17 Ill. App. 510.

"As between two mortgagees of the same property who have permitted the mortgagor to remain in possession an unreasonable time after the maturity of their respective mortgages, although neither can enforce his claim against a third party, yet the one who first acquires possession of the property is entitled to priority as against the other." Jones on Chattel Mortgages, sec. 373 (5th Ed.); Atkins v. Byrnes, *supra;* Constant v. Matteson, 22 Ill. 546.

The bank had a right to take possession of the mortgaged property through itself or its agent, after condition broken and appellant cannot rightfully deprive it of such possession by replevying the property. If

appellant has been injured by the failure of the bank or those acting for or under it to publicly advertise and sell the property, a remedy may be afforded it by other actions, but not by this which is merely a possessory action.

The fact that appellee, Confer, was operating the separator at the time appellant undertook to take possession of it, does not of itself show either fraud on the part of those acting for the bank, nor that they had abandoned their possession of the same. Where the mortgagee of chattel property takes possession of the same after condition broken and retains the same a reasonable time, he has a right thereafter to loan or hire the same property either to the mortgagor or to any one else and such transaction does not indicate either fraud or an abandonment of possession. Cunningham v. Hamilton, 25 Ill. 212.

We are of the opinion it appears from such portion of the evidence in this case as is substantially uncontested, that appellant is not entitled to maintain his action.

Some of the instructions given on behalf of appellee were not strictly accurate but, upon the whole, we do not think they were misleading to the jury upon the only issue presented, or were of sufficient importance to constitute reversible error.

The judgment of the court below will be affirmed.

*Affirmed.*