O. W. EAKES ET AL. v. J. W. BOWMAN ET AL.

(Filed 28 March, 1923.)

**1. Assignments for Benefit of Creditors—Debtor and Creditor—Insolvency —Preëxisting Debts—Mortgages—Deeds of Trust.**

A deed of trust by an insolvent debtor to secure a preëxisting debt or debts, omitting others, though in the form of a mortgage with a defeasance clause, will be construed as an assignment for the benefit of creditors, requiring that the provisions of the statute on the subject to have been complied with for it to be valid; and this interpretation is not affected by the fact that a small portion of the debtor's property was not included in the assignment in this case, an equity of redemption ascertained to have no value.

**2. Same.**

The debtor, owning lands in two counties, gave a mortgage to secure the balance of the purchase price on the lands in the first county, and a second deed of trust on this land to another to secure borrowed money, which was sold under the first mortgage and found insufficient to pay it off. The debtor gave a deed of trust on the lands in the second county to secure preëxisting debts, attempting, also, to mortgage the crops to be grown thereon for three years; and later, and as further security, gave a mortgage on the crops to be grown thereon for a certain year. The property thus dealt with was practically all the debtor owned, and he was insolvent: *Held*, his mortgage of the land and crops in the second county was in effect an assignment for the benefit of his creditors, and for noncompliance with the statute void as to the unpaid balance due on the mortgages, and of the other creditors.

**3. Actions—Parties—Bankruptcy—Trustees.**

The trustee in bankruptcy may come in to an action brought prior to the adjudication by a creditor of the bankrupt, to the end that the rights of creditors, secured and unsecured, may be represented and their priorities determined by the final judgment in the action.

APPEAL by plaintiffs and defendant from *Calvert, J.,* at September Term, 1922, of PITT.

The question presented by this controversy is the priority of claims among the creditors of O. W. Eakes.

On 13 December, 1919, O. W. Eakes and another purchased from J. W. Bowman 700 acres of land situate in Lee County. At the time of the purchase he executed to the seller a deed of trust on said property to secure the payment of $32,000, the unpaid balance of the purchase price; and at the same time he also gave to E. R. Buchan, trustee, a second deed of trust on said land to secure the payment of $8,000, borrowed money. A year later, default having been made, Bowman foreclosed his deed of trust and secured a deficiency judgment against Eakes for $5,582.66. This left Buchan without any security, and it is conceded that at the time of default said property was not worth in value a sum sufficient to pay off the first deed of trust, and that at no time since has it been worth the amount of the Bowman debt. His Honor finds that Eakes' one-half interest in the equity of redemption in this property was worth nothing.

On 13 December, 1920, O. W. Eakes, being insolvent, executed and delivered to P. L. Clodfelter, trustee, a deed of trust on two tracts of land in Pitt County, and therein attempted to convey to said trustee the crops to be raised on said lands for a period of three years next ensuing. This instrument undertook to convey all the property of the said O. W. Eakes, except a small quantity of personal property in Pitt County already under mortgage, and his one-half interest in the equity of redemption in the Lee County land, ascertained to be of no substantial value.

The debts set out and recited in the deed of trust executed to Clodfelter, trustee—all preëxisting debts and amounting to approximately $39,000— were those styled on the argument as belonging to the Pitt County creditors. The accounts of Bowman and Buchan were not included in the terms of the instrument, and Eakes did not retain sufficient property to pay off the debts of Bowman and other creditors not mentioned in the deed of trust to Clodfelter, trustee.

On 14 August, 1922, J. W. Bowman, deeming said deed of trust to be invalid as against him, caused execution to be issued on his judgment, and the same was placed in the hands of the sheriff of Pitt County with the special request that immediate levy be made on the matured crops raised by O. W. Eakes during the year 1922, and on all personal property belonging to him in Pitt County. To circumvent this proceeding on the part of Bowman, O. W. Eakes, on 16 August, 1922, executed and delivered to P. L. Clodfelter, trustee, an instrument purporting to be a bill of sale for all the crops of every kind and description grown during the year 1922, on the two tracts of land in Pitt County, heretofore men-

tioned, consisting of tobacco, cotton, corn, etc., which had been levied on by the sheriff; the said Eakes reciting in said bill of sale that the same was for the further security of the indebtedness set out in the deed of trust, dated 13 December, 1920. At the time of the making of this bill of sale, O. W. Eakes was insolvent, and had no other property out of which Bowman's judgment could be satisfied. Eakes and Clodfelter then brought this suit to enjoin the sale of said property under execution.

It was adjudged below: "Upon the foregoing facts, the Court being of the opinion that the instrument of 13 December, 1920, was not a deed of assignment for the benefit of creditors, for the reason that at the time J. W. Bowman, the defendant, was substantially secured as to his debt by a deed of trust upon 700 acres of land in Lee County, which trust had not been foreclosed at the date of the trust to P. L. Clodfelter, but said instrument to said Clodfelter was a deed of trust, declines to set the same aside, except as to the crops therein attempted to be conveyed for the year 1922, but as to said crops for 1922 the said conveyance is void, and the motion of the defendant Bowman that said instrument of 13 December, 1920, be declared void and set aside is denied, except as to the 1922 crops therein attempted to be conveyed, and as to them said motion is allowed.

"And upon the foregoing facts, the court being of the opinion that the status of the debt due the defendant J. W. Bowman had been fixed and ascertained by judgment of 26 October, 1921, to be $5,582.66, for which he had no security, and the said Eakes being insolvent on 16 August, 1922, and having conveyed all of his property of every description to secure preëxisting debts in the instrument of 16 August, 1922, and having entirely omitted therefrom J. W. Bowman and other creditors and the trustee therein named having failed to comply with the statute with reference to assignments, the Court holds as a matter of law upon the facts found that the instrument dated 16 August, 1922, to P. L. Clodfelter, trustee, is absolutely void, and the same is hereby set aside.

That the defendant J. W. Bowman, by reason of the levy of 18 August, 1922, acquired a lien upon the property levied upon, and not laid off to the said O. W. Eakes as a personal property exemption, and the injunction heretofore granted herein forbidding a sale thereof be and the same is hereby dissolved."

To that part of the judgment which declares the instrument of 13 December, 1920, to be a deed of trust and not a deed of assignment, and to the refusal of the court to hold said instrument to be void on its face, the defendant J. W. Bowman excepted and appealed.

To that part of the judgment which declares the instrument of 16 August, 1922, to be void, the plaintiffs, O. W. Eakes and P. L. Clodfelter, trustee, excepted and appealed.

Plaintiff O. W. Eakes was declared a voluntary bankrupt on 18 November, 1922, and the action is continued against his trustee in bankruptcy, and P. L. Clodfelter, trustee, under the instrument of 13 December, 1920. The controversy, therefore, affects only the question of priority and distribution among creditors.

*L. W. Gaylord, F. C. Harding, and Skinner & Whedbee for plaintiffs.*
*Hoyle & Hoyle, Gavin & Jackson, and Albion Dunn for defendant.*

STACY, J., after stating the case: We concur in the view taken by his Honor with regard to the purported bill of sale executed on 16 August, 1922; and further, upon all the facts appearing on the record, we are of opinion that the instrument of 13 December, 1920, should be declared and held to be a deed of assignment for the benefit of creditors. It is conceded that under this holding said assignment is rendered void for want of compliance with the provisions of C. S., ch. 28. See *Odom v. Clark,* 146 N. C., 544, and cases there cited. True, the deed of assignment did not purport to convey the assignor's one-half interest in the equity of redemption in the Lee County land, but this, it appears from his Honor's finding, was of no value; hence, we apprehend the principle announced in *Brown v. Nimocks,* 124 N. C., 417, and *Bank v. Gilmer,* 116 N. C., 684; *S. c.,* 117 N. C., 416, should be held as controlling. In substance, the effect of these decisions was to declare that where an insolvent debtor makes an assignment of practically all of his property to secure one or more preëxisting debts, omitting others, such an instrument will be considered an assignment for the benefit of creditors, and held to be controlled by the statutes bearing upon the subject. This result was not changed in those cases simply because a small portion of the debtor's property was not included in the assignment, nor by virtue of the fact that the instrument was drawn in the form of a mortgage having a defeasance clause; and, for the same reason, we think the omission of an interest in an equity of redemption, admittedly of no value, should not be allowed to affect the result in the case at bar. *Odom v. Clark, supra; Powell v. Lumber Co.,* 153 N. C., 52.

The court, in declining to set aside the instrument of 13 December, 1920, for the reason that the defendant, J. W. Bowman, was "substantially secured," as to his debt by a deed of trust on the Lee County land, overlooked the fact that the Buchan debt of $8,000 was entirely unsecured. And while the Bowman debt at that time may have appeared to be substantially secured, yet as a matter of fact this appearance proved somewhat wanting in substance, as witness the deficiency later determined by suit.

12—185

The trustee in bankruptcy of O. W. Eakes, by permission and without objection, has intervened and made himself a party to this proceeding, to the end that the rights of the creditors, secured and unsecured, may be represented and their priorities determined by the final judgment in this action. *Garland v. Arrowood,* 172 N. C., 591.

From the foregoing it follows that on plaintiffs' appeal the judgment must be affirmed, and on defendant's appeal the judgment will be reversed.

On plaintiffs' appeal, affirmed.

On defendant's appeal, error.