FARMERS BANKING AND TRUST COMPANY AND MRS. MARY EVANS v. TARBORO LEAF TOBACCO COMPANY.

(Filed 17 September, 1924.)

1. **Assignments—Debtor and Creditor—Mortgages—Statutes—Liens.**

   A chattel mortgage, attempted to be executed by an insolvent corporation owing other creditors, to secure a preëxisting debt on practically all of its property, will be treated as an assignment, and void, unless the requirements of the statute have been complied with, and no lien otherwise on the property described therein can be thereby created. C. S., 1609.

2. **Same—Leases—Covenants.**

   A clause in a lease of a tobacco sales warehouse, providing that machinery, material, etc., placed therein by the lessor shall belong to it at the termination of the lease, upon "satisfaction of any and all indebtedness or liens that may be due 'the lessee,'" etc., is a personal covenant

of the lessee and cannot alone have the effect of creating a lien on the leased property to secure the lessor's obligation to pay the rents as stipulated in the lease.

**3. Appeal and Error—Evidence—Trials—Prejudice.**

Where the instrument relied upon by the appellant as sufficient to create a lien on the leased property is not sufficient for this purpose, the admission of evidence excepted to on the grounds that it tended to vary, etc., the written instrument of lease, is not reversible error.

APPEAL from *Bond, J.,* at June Term, 1924, of EDGECOMBE.

The plaintiffs alleged that the defendant was indebted to the Banking and Trust Company in the sum of $7,500, with interest on $6,000 from 10 December, 1921, and on $1,500 from 10 January, 1922; to Mrs. Evans in the sum of $1,000, with interest from 3 November, 1920, as evidenced by a judgment dated 20 May, 1922, by virtue of which an execution had been issued and a levy made on the defendant's property; and to the Farmers Tobacco Company for rent of the building occupied by the defendant. They alleged also that the defendant had made default in the payment of certain taxes, in consequence of which its property was advertised for sale.

C. A. Johnson and J. F. Ruffin were appointed receivers, and on 21 October, 1922, made their report, including a list of the claims filed with them, all of which were allowed, except that of the Farmers Tobacco Company. As to this claim, the facts are, that on 28 August, 1920, the Farmers Company purported to lease to the defendant for a term of seven years from 1 July, 1920, the building in which the defendant's business was conducted, at an agreed price, which was to be paid on the first day of each month. The purported lease was in writing, signed by both parties. The defendant failed to pay the rent as it became due, and, to secure the rent due and to become due, purported to execute and deliver to the Farmers Company on 1 February, 1922, a promissory note for $6,130.50, payable 1 January, 1923, and a chattel mortgage on all its property to secure said note. The Farmers Company filed exceptions to the report of the receivers, and at the trial the first eight issues were answered by consent, and the ninth, tenth, and eleventh under the direction of the presiding judge. The jury found that the defendant was indebted to the Farmers Company in the sum of $4,463.83; that the president and secretary of the defendant company had not been authorized at any meeting of the board of directors to execute the chattel mortgage or the lease; that the mortgage embraced all the defendant's property; that the Farmers Company did not file an inventory with the clerk within ten days after the registration of the mortgage; that the defendant was insolvent when the mortgage was

executed; and that the execution, neither of the lease nor of the mortgage, was the act of the defendant.

His Honor rendered judgment against the defendant in favor of the Farmers Company for $4,463.83 as an unsecured claim for rent, and adjudged the chattel mortgage and lease invalid, either as a security or as giving any lien on the property to secure said debt. The Farmers Tobacco Company appealed.

*John L. Bridgers for appellant.*
*Gilliam & Bond and W. O. Howard for plaintiff and receivers.*

ADAMS, J. The Farmers Tobacco Company excepted to the judgment, and contended that by virtue both of the lease and of the chattel mortgage it held a lien on certain property which went into the hands of the receivers. It is therefore necessary to ascertain the legal effect of each of these instruments.

The purported lease was dated 28 August, 1920, and the chattel mortgage which was intended to secure payment of the rental due the Farmers Company was dated 1 February, 1922. It was admitted that the chattel mortgage included all the property of the defendant; that the defendant was insolvent when the mortgage was executed; that it owed other creditors, and that the law in regard to assignments for the benefit of creditors had not been complied with. C. S., 1609, *et seq.*

This Court has held that where a person who is insolvent makes an assignment of practically all his property to secure a preëxisting debt, there being also other creditors, such instrument will be treated as an assignment for the benefit of creditors and subject to the statutes relating thereto, and that neither the omission of a small part of the debtor's property nor a defeasance clause in the instrument will change this result. Everything appears which is necessary to bring the mortgage in question within this principle. It is apparent, then, that it is ineffective, either as a mortgage or an assignment, and that it created no lien on the property which it purported to convey. *Bank v. Gilmer,* 116 N. C., 685; *S. c.,* 117 N. C., 416; *Glanton v. Jacobs,* 117 N. C., 427; *Cooper v. McKinnon,* 122 N. C., 447; *Brown v. Nimocks,* 124 N. C., 417; *Odom v. Clark,* 146 N. C., 544, 552; *Powell v. Lumber Co.,* 153 N. C., 52.

The appellant contends that it acquired a lien on certain property in the possession of the receivers by virtue of the following clause in the alleged lease: "It is further mutually agreed that such property, machinery and material as may be placed in said building by the Leaf Company belong to and are their property; and upon satisfaction of any and all indebtedness or liens that may be due to the Farmers or

their assigns, the Leaf may, at the expiration of their lease, move such fixtures or equipment that they may have placed in said building."

The written "lease" purports to have been executed on behalf of the defendant company by its president and secretary. In response to the second issue the jury found that these officers had not been authorized in a meeting of the board of directors to execute such instrument; and the appellees say that the clause hereinbefore set out was not a part of the contract and was never ratified by the corporation. These questions we need not consider, for if it be granted that the alleged lease was duly executed, the clause relied on by the appellant is not sufficient to constitute a lien on the property therein described, it being nothing more than a personal covenant on the part of the lessee. A stipulation in a lease that the lessee shall not remove or dispose of certain property upon the demised premises until the rent or any indebtedness due the landlord is paid is a personal covenant and not a lien. In the instant case no lien exists by reservation, estoppel, or ratification. *Marshall v. Luiz,* 115 Cal., 622; *Bleakley v. Sullivan,* 140 N. Y., 175; *Beers v. Field,* 69 Vt., 533; *Kaufman v. Underwood,* 119 A. S. R., 121, note; 16 R. C. L., 978, sec. 490; 24 Cyc., 1245.

Exception was noted to the admission of certain evidence on the ground that it tended to vary the written agreement; but as the instrument, if accepted as a whole, is not sufficient to create a lien, we are unable to see that the appellant has been prejudiced in this respect. If, as we have said, the chattel mortgage was void and the lease created no lien on the property described in it, the appellant's prayers for instruction to the jury were properly refused.

We find

No error.