On 30 January, 1924, D. E. Flowers bought from W. T. Carswell a stock of goods kept in a store near Morganton. He paid part of the agreed price and secured the remainder ($1,200) by notes due in four, eight, and twelve months. These notes were endorsed by the defendants; and on the same day and as a part of one transaction Flowers executed and delivered to the defendants a chattel mortgage on the goods purchased from Carswell and acknowledged the execution thereof before A. N. Dale, one of the mortgagees, who was deputy clerk of the Superior Court. Upon Dale's certificate the mortgage was filed for registration on 29 and registered on 31 March, 1924. Flowers retained possession of the goods and sold and replenished the stock under an agreement with the mortgagors that goods subsequently purchased to keep up the stock should take the place of those that had been sold, and that the notes should become due upon his failure to maintain the stock at its estimated value. The mortgagees did not file an inventory. Flowers made default in payment and the defendants brought suit on 1 September, 1924, and under proceedings in claim and delivery acquired possession of the mortgaged property and gave public notice that it would be sold on 27 September, 1924.
On 15 September, 1924, and prior to the advertised day of sale, D. E. Flowers, the mortgagor, executed and delivered to the plaintiff a deed of assignment for the benefit of his creditors, which was filed for registration *Page 686 
on 20 and duly registered on 24 September, 1924. The plaintiff instituted this action on 22 September to enjoin the sale and to recover possession of the property in the hands of the mortgagees.
Upon the hearing it was adjudged that the restraining order be dissolved and the mortgagees be allowed to make sale under the terms of the mortgage. The plaintiff excepted and appealed.
The chattel mortgage did not create a preference within the meaning of C. S., 1611; but the plaintiff asserts that in effect it was an assignment for the benefit of creditors and void because the trustees or mortgagees did not file an inventory as required by section 1610. It has been held that where one who is insolvent makes a mortgage of practically all his property to secure one or more preexisting debts the instrument will be considered an assignment and the result will not be changed by the omission of a small part of his property; but to apply this doctrine it is necessary to show that the grantor was insolvent, that the secured debts were preexistent, and that there were other creditors. Bank v. Gilmer,116 N.C. 684, 707; S. c. 117 N.C. 416; Cooper v.McKinnon, 122 N.C. 447; Pearre v. Folb, 123 N.C. 237;Brown v. Nimocks, 124 N.C. 417; Taylor v. Lauer, 127 N.C. 157;Odom v. Clark, 146 N.C. 544; Powell v. Lumber Co.,153 N.C. 52; Williamson v. Bitting, 159 N.C. 322, 327; Wooten v.Taylor, ibid. 604; Eakes v. Bowman, 185 N.C. 174; Bank v. Tobacco Co.,188 N.C. 177. Under these decisions the chattel mortgage cannot be deemed an assignment for the benefit of the grantor's creditors because the secured debt was not preexistent but contemporaneous with the contract of purchase from Carswell, constituting a part of one continuous transaction.
The chief controversy grows out of the question whether the rights of the mortgagees are not subordinated to those of the plaintiff as trustee under the deed of assignment. The plaintiff contends that while the chattel mortgage may be good inter partes its registration is insufficient as notice because the probate is defective; the defendants contend that the probate is defective, if defective at all, only as to the mortgagee who took the grantor's acknowledgment, not as to the others, and in any event that they had actual possession of the litigated property at the time the assignment was executed and registered and that such possession gave them a right of foreclosure which is paramount to the plaintiff's claim of title. *Page 687 
The probate of a deed or mortgage is a judicial act; hence if the probate or the grantor's acknowledgment be taken by an officer who is disqualified the probate or certificate of acknowledgment will be void and the registration of the instrument will be ineffective to pass title and may be regarded a nullity as to subsequent purchasers or encumbrancers.Nemo debet esse judex in propria sua causa. Todd v. Outlaw, 79 N.C. 235;White v. Connelly, 105 N.C. 65; Blanton v. Bostic, 126 N.C. 418; Allenv. Burch, 142 N.C. 524; S. v. Knight, 169 N.C. 333, 342. A. N. Dale, the deputy clerk who probated the chattel mortgage, was one of the grantees therein and by reason of his interest was not qualified to exercise this particular judicial function. An officer who has a pecuniary interest in a deed or mortgage as a party, trustee, or cestui que trust is disqualified to probate it or to take the acknowledgment of its execution. Long v.Crews, 113 N.C. 256; Lance v. Tainter, 137 N.C. 249; Holmes v. Carr,163 N.C. 122.
In the circumstances the registration of the mortgage in the office of the register of deeds did not amount to constructive notice. Formerly the law was otherwise; certainly so under the act of 1715. The professed design of this act was "to prevent frauds by double mortgages, which design was accomplished by giving priority to a subsequent mortgage, if registered before a prior one, unless the latter was registered within fifty days. . . . The law was designed to give notice to persons so situated; but if it was clearly established in proof that a subsequent mortgagee had notice of a prior mortgage, although not registered, in equity he was bound by it, although he had obtained a priority at law; for having this notice he could protect himself from harm by forbearing to proceed." Pike v. Armstead,16 N.C. 110. But this was changed by the act of 1829, the substance of which is incorporated in C. S., sec. 3311. This statute provides that no deed of trust or mortgage for real or personal estate shall be valid at law to pass any property as against creditors or purchasers for a valuable consideration from the donor, bargainor, or mortgagor, but from the registration of such deed of trust or mortgage, etc.; and as held in a number of our decisions the statute implies that no actual notice of a prior unrecorded mortgage, however clear and formal, will supply the notice which is given by registration of the instrument in question. Fleming v.Burgin, 37 N.C. 584; Robinson v. Willoughby, 70 N.C. 358; Blevins v.Barker, 75 N.C. 436; Brem v. Lockhart, 93 N.C. 191; Bank v. Mfg. Co.,96 N.C. 298; Hinton v. Leigh, 102 N.C. 28; Wood v. Lewey, 153 N.C. 401;Fertilizer Co. v. Lane, 173 N.C. 184.
The plaintiff occupies the position of a trustee under the deed of assignment and is therefore a purchaser for value. In Potts v. Blackwell, *Page 688 57 N.C. 58, it is said that whatever distinction may formerly have been supposed to exist between present and antecedent debts may "be regarded as now exploded," and that a deed in trust executed in good faith for the security of actual creditors, whether for debts old or new, must be treated as a conveyance for value. Brem v. Lockhart, supra. Also in Starr v.Wharton, 177 N.C. 323: "A trustee in a general assignment for the benefit of creditors is a purchaser for value within the meaning of the statute, some of the decisions being directly to the effect that such a trustee when the instrument under which he acts is first registered, will take precedence over the rights of a vendor whose interests are protected and embodied in a conditional sale prior in date but subsequently registered."
But the defendants urge the further argument that they took actual possession of the mortgaged property for the purpose of enforcing their lien before the plaintiff's rights attached and that their possession for this purpose is good against the plaintiff. In our opinion this argument is sound. A written instrument is not required for the transfer of personal property as it is for the conveyance of land; so Wood v. Tinsley,138 N.C. 507, is not applicable here. At common law, as between the parties the delivery of personal property to the mortgagee was not essential to the validity of the mortgage, but to give such mortgage validity against creditors and purchasers it was necessary that the custody and possession of the property be delivered. McCoy v. Lassiter, 95 N.C. 88. Our registration laws were intended in part to take the place of such notice by possession; for the record of a chattel mortgage "is a mere substitute for a delivery and change of possession." 5 R. C. L., 455, sec. 90. It is generally held that such possession is notice. The doctrine is thus stated in Jones on Chattel Mortgages, sec. 178: "If a mortgagee take possession of the mortgaged chattels before any other right or lien attaches, his title under the mortgage is good against everybody, if it was previously valid between the parties, although it be not acknowledged and recorded, or the record be ineffectual by reason of any irregularity."
To the same effect is a uniform line of decisions. "The object of requiring a mortgage of personal property to be filed or recorded is to give creditors and subsequent purchasers notice of its existence when the mortgagor retains possession of the property. If the actual possession of the property is changed, then the necessity for recording or filing the chattel mortgage fails. And the same may be said in respect to an imperfect or insufficient description of the mortgaged property. If the mortgagee takes possession of the mortgaged property, that is sufficient. That is an identification and appropriation of the specific property to *Page 689 
the mortgagee." Morrow v. Reed, 30 Wis. 81. "If a mortgagee or pledgee takes possession of the mortgaged or pledged chattels before any other lien attaches thereto, his title is valid as against subsequent attachment or execution creditors, there being no fraud in fact, although the mortgage was not filed or the chattels delivered when the contract of pledge was made." Prouty v. Barlow, 76 N.W., (Minn.), 946. "If a mortgagee take possession of mortgaged chattels before any other right or lien attaches, his title under the mortgage is good against everybody, although it be not acknowledged and recorded, or the record be ineffectual by reason of any irregularity. Chipron v. Feikert, 68 Ill. 284; Frank v. Miner, 50 Ill. 444;McTaggart v. Rose, 14 Ind. 230; Brown v. Webb, 20 Ohio, 389. Subsequent possession cures all such defects. Morrow v. Reed, 30 Wis. 81. No particular mode of taking or retaining possession is required. It is not necessary that the property be delivered to the mortgagee in person; delivery to his agent is equally effectual." Bank v. Commission Co., 64 N.E. (Ill.), 1097, 1104. See, also, Ogden v. Minter, 91 Ill. App. 11;Bankv. Gilbert, 174 Ill. 485. "In case of a mortgage (of personal property) the right of property is conveyed to the mortgagee, by a perfect title, which title is liable to be defeated by the payment of the mortgage debt, and if the mortgagee takes possession of the property, he takes it as his own, and not as the mortgagor's." Janvrin v. Fogg, 49 N. H., 310, 351. "Such a lien (mortgage) is good between the parties, without a change of possession, even though void as against subsequent purchasers in good faith without notice, and creditors levying executions or attachments; and if followed by a delivery of possession, before the rights of third persons have intervened, it is good absolutely." Hauselt v. Harrison,105 U.S. 401, 26 Law Ed., 1075. See, also, 11 C. J., 587, sec. 281.
Upon reason and authority therefore we are of opinion that the plaintiff is not entitled to a continuance of the restraining order. This conclusion does not impair the validity of our statutes regulating the registration of written instruments or modify the force and effect of the decisions which hold that no actual notice of a prior unrecorded mortgage will supply the place of registration; but it upholds the principle that where a mortgagee takes possession of mortgaged property in good faith for the purpose of foreclosing a chattel mortgage which secures his debt before any other right or lien attaches, his title under the mortgage is good and a subsequent encumbrancer takes subject to the mortgagee's lien.
The judgment is
Affirmed. *Page 690