COMMISSIONER OF BANKS, Ex Rel. THE CITIZENS BANK OF FARM-VILLE et al., v. T. C. TURNAGE et al.

(Filed 30 March, 1932.)

**Assignment for Benefit of Creditors A a: Mortgages A a; H b—Deed in this case held deed of trust and not an assignment.**

A conveyance by a debtor of his property to secure his creditors will not be construed as an assignment for the benefit of the creditors if the grantor is solvent and the deed is to secure debts to be contracted in the future, and a deed of trust to secure not only preëxisting debts but also debts to be contracted for advancements to enable grantor to operate his business of merchandising and farming, the grantors remaining in possession, is not an assignment for the benefit of creditors within the meaning of C. S., 1609, and it is not required that the trustee therein file an inventory of the property coming into his hands, C. S., 1610, and a preliminary order restraining the foreclosure of the deed of trust on the ground that the inventory had not been filed is properly dissolved.

APPEAL by plaintiffs from *Frizzelle, J.,* at February Term, 1932, of PITT. Affirmed.

This is an action to enjoin the sale of property, real and personal, under the power of sale contained in a deed of trust, dated 30 January, 1931, by which the defendants, T. C. Turnage, B. O. Turnage, and W. J. Turnage, as partners under the firm name of T. C. and W. J. Turnage Company, and as individuals, with the joinder of their wives, conveyed said property to the defendants, J. I. Morgan, R. W. Dudley and J. B. Dey, Jr., trustees, to secure the payment of certain debts recited therein, on the ground that said deed of trust is void, for the reason that it appears on its face that it is a deed of assignment for the benefit of creditors, and that defendants failed to file an inventory of the property conveyed by the said deed, as required by statute, and for other relief.

The action was heard pursuant to the provisions of a temporary restraining order issued therein.

The court was of opinion that the deed referred to in the complaint, a copy of which is attached thereto as Exhibit "A," is not a deed of assignment for the benefit of creditors, within the meaning of C. S.,

1609, but is a deed of trust, in the nature of a mortgage, and that for this reason the defendants were not required to file an inventory of the property conveyed thereby. C. S., 1610.

In accordance with this opinion, and the further opinion that the deed of trust is valid in all respects, the temporary restraining order was dissolved by the court, and the plaintiffs appealed to the Supreme Court.

*R. T. Martin for plaintiffs.*
*Albion Dunn for defendants.*

CONNOR, J. It appears from the recitals in the deed of trust referred to in the complaint, a copy of which is attached thereto, marked Exhibit "A," that said deed is not a voluntary deed of assignment for the benefit of creditors, within the meaning of C. S., 1609.

The purpose of the deed as appears upon its face, is to secure the payment not only of preëxisting debts, but also of debts to be contracted for advancements to enable the grantors to carry on their business as merchants and farmers during the year 1931.

It is expressly recited in the deed that the grantors are not insolvent, but have property, both real and personal, more than sufficient in value under normal financial conditions for the payment of all their debts. Owing, however, to the economic and financial conditions prevailing in Pitt County and elsewhere at the date of the deed, it was deemed to the best interest of both the grantors and of their creditors, that the payment of all existing debts should be extended to 1 January, 1932, and that grantors should procure advancements in money and supplies to enable them to carry on their business during the year 1931. These advancements are secured by the deed.

Upon default in the payment of the debts contracted for advancements, or upon default in the payment of the debts existing at the date of the deed, on or before 1 January, 1932, the trustees are empowered to sell the property, real and personal, conveyed by the deed, and out of the proceeds of said sale to pay, first, the debts contracted for advancements, and second, the debts existing at the date of the deed. In the meantime, the grantors remained in possession and control of all their property subject to the supervision of the creditors' committee, provided for in the creditors' agreement which appears in the record. Creditors whose claims amounted to more than 75 per cent of the total indebtedness of the grantors were parties to this agreement. The plaintiffs who are and were at the date of the deed creditors of the grantors are expressly secured by the deed of trust.

In *Cowan v. Dale,* 189 N. C., 684, 128 S. E., 155, it is said: "It has been held that where one who is insolvent makes a mortgage of practi-

cally all his property, to secure one or more preëxisting debts, the instrument will be considered an assignment, and the result will not be changed by the omission of a small part of his property; but to apply this doctrine, it is necessary to show that the grantor was insolvent, that the secured debts were preëxistent, and that there were other creditors."

The opinion of the trial court that the deed of trust in the instant case is not a deed of assignment for the benefit of creditors, is supported by the principle stated in the opinion of *Adams, J.*, in the above cited case. For this reason the failure of the trustees to file an inventory of the property which came into their hands under the deed, as required by C. S., 1610, did not render the deed void. The judgment dissolving the temporary restraining order is

.Affirmed.