ROBERT LANE, ANNIE COLE AND HUSBAND, ROOSEVELT COLE, EDDIE LANE, KINLEY FORT AND WIFE, ATHENE FORT, v. WILLIE BECTON AND WIFE, ADA BECTON, NED BECTON AND WIFE, CHRISTINE BECTON, ALICE TAYLOR, J. K. GULLEY AND WIFE, DANA B. GULLEY, JESSE LEE FORT AND WIFE, CORINE FORT, AND J. B. LANE.

(Filed 10 October, 1945.)

**1. Judgments §§ 1, 8½ —**

A judgment is not necessarily to be considered integrally. It may be good in one part and void in others—good for the part authorized by law, and bad for the residue; and the invalid divisible part may be treated as a nullity. There is no necessity of appealing from a void judgment.

**2. Judgments §§ 8½, 22b, 22h: Fraudulent Conveyances §§ 8, 15—**

In an action by a creditor against husband and wife to set aside a conveyance by the husband to his wife as fraudulent and void as to plaintiff, no answer being filed and no consent given by defendants, the judg-

ment can give no greater relief than that demanded in the complaint, C. S., 606; G. S., 1-226; and the court acted in excess of its jurisdiction when it ordered the *feme* defendant to reconvey the lands to her husband and attempted to make the judgment effective as a transfer of title. Such provisions of the judgment are void.

**3. Fraudulent Conveyances §§ 1, 6, 8—**

The power of the court to set aside a fraudulent conveyance at the instance of creditors is derived from G. S., 39-15, which has not penalized such a transaction by declaring the deed utterly void as against all persons and for all purposes, but has expressly limited the remedy to the aggrieved creditor and has left the deed as it stands between the parties.

**4. Wills § 44: Estoppel §§ 3, 6b: Evidence § 43b—**

Where a husband attempts to devise to his wife lands already belonging to her (1) the wife is not put to her election, especially when she does not offer the will for probate and fails to qualify as executrix thereunder; (2) and the wife's grantees are not estopped by her joinder, with some of the other devisees under her husband's will, in the execution of mortgages on the property, nor by evidence that she claimed only a life estate, against the assertion of a fee title by her said grantees, since their adversaries are not attempting to assert a title acquired after such declarations or in any way affected by them.

APPEAL by respondents, Willie Becton, Ada Becton, Ned Becton, Christine Becton and Alice Taylor, from *Thompson, J.,* at 4 June, 1945, Term, of WAYNE.

This case began as a special proceeding for the partition of land held in co-tenancy. On the plea of sole seizin by certain of the respondents, the case was transferred to the civil issue docket for trial at term. From admissions in the pleadings of the petitioners, and those having a like interest, and evidence introduced in their behalf on the hearing, we summarize the facts:

Some time in 1899 Caesar Fort owned the lands in controversy and conveyed them to his wife by a deed, which recites a valuable consideration, and which was promptly placed on record. Early in the following year, certain creditors brought an action to recover $95.00 and interest, and to have the deed set aside for fraud, alleging that he did not at the time of the conveyance to his wife retain sufficient property to pay his debts. At the April Term following, the plaintiffs in that action secured a judgment by default against Fort, adjudging that the plaintiffs recover $95.00, with interest and costs, and declaring that the deed executed by Fort to his wife was "fraudulent and void as to the plaintiffs, and that the same is hereby annulled and set aside as to the plaintiffs." After repeated declaration that the deed was set aside as to the plaintiffs, the judgment further ordered that the defendant Rachel Fort convey to her co-defendant, Caesar Fort, a fee simple title to the land, describing it,

and provided that the judgment itself should operate as a legal transfer of the title. The conveyance was never made. There was no controversy between the defendants, no counsel of record for them, and no consent.

Subsequently, Caesar Fort died, leaving a will containing the following provisions:

"2nd: I give and devise to my beloved wife, Rachel Fort the tract of land on which I now reside, containing (91) acres for her natural life in satisfaction of her dower, after her death it shall be

"3rd: equa*ly De*vided between my beloved children and the children of my beloved wife, Rachel Fort as follows:

"Thomas Fort, *C*easar Fort, Jr. Annie Davis, wife of Jesse Davis, Hannah Lane, wife of Jesse Lane, Ned Becton, Willie Becton, *Al*lice Taylor, wife of General Taylor."

Rachel Fort was made executrix of this will, but did not qualify or offer it for probate. It was, however, probated at the instance of L. R. S. Barnes, who was appointed administrator *c. t. a.* A proceeding was brought to subject the lands to the claims of creditors, but no sale appears to have been made.

Recitals in the deed subsequently made by Rachel Fort to the respondents indicate that the debts against the estate were settled by her with the help of the grantees in said deed.

Of the persons named as beneficiaries in Fort's will, Thomas Fort, Caesar Fort, Jr., Annie Davis and Hannah Lane were children of the testator, all of whom have died intestate since his death. Thomas Fort and Annie Davis died without leaving issue surviving; Hannah Lane left as her heirs at law her children, Robert Lane, Annie Cole, Eddie Lane and J. B. Lane; Caesar Fort, Jr., died, leaving as his heirs at law his children, Kinley Fort, Augustus Caesar Fort, and Jesse Lee Fort. Augustus Caesar Fort conveyed his interest in the lands, if any, to the defendants J. K. Gulley and wife, Dana B. Gulley.

The remaining persons mentioned in the will, Ned Becton, Willie Becton and Alice Taylor are children of Rachel Fort, born to her before her marriage to Caesar Fort. Classified by their opposing interests, therefore, the respondents Willie Becton and wife Ada Becton, Ned Becton and wife Christine Becton, and Alice Taylor, claim under a deed to them made by Rachel Fort; and the other parties, including J. K. Gulley and wife, Dana B. Gulley, Jessie Lee Fort and wife, Corine Fort, and J. B. Lane, named as respondents, claim under the will of Caesar Fort.

On 12 February, 1915, several years after the death of Caesar, Rachel Fort made a deed to the respondents, Ned Becton, Willie Becton and Alice Speight (Taylor), conveying the lands in controversy to them in

fee. In the recitals of this deed, she sets out that at the death of Caesar Fort, there were judgments against him and that other obligations had been made by Caesar Fort, Jr., and Jesse Lane, husband of Hannah, for which Rachel was surety, and that all of these persons refused to assist in paying the above mentioned debts, while Ned Becton, Willie Becton, and Alice Speight (Taylor) did assist her in paying them off. This, in part, is made the consideration in the deed.

Rachel Fort remained in possession of the premises until her death in 1944, and the grantees under her deed have been in possession since.

The plaintiffs introduced two mortgages, in the execution of which Rachel Fort joined with several of the beneficiaries named in the will of Caesar Fort. In one of these the interest of Rachel Fort in the lands is described as a life estate. The mortgages were not offered as muniments of title. Parol evidence was introduced to the effect that Rachel told a witness that she had a life estate in the lands.

Two issues were submitted to the jury: The first as to the cotenancy, as alleged in the petition; the second as to the sole seizin of respondents so pleading. The judge instructed the jury that if they believed all the evidence and found the facts to be as it tended to show, they should answer the first issue "Yes," and the second issue "No," which the jury accordingly did. The respondents (or defendants) Willie Becton, Ada Becton, Ned Becton, Christine Becton and Alice Taylor appealed, assigning error.

*J. Faison Thomson for Ned Becton, Willie Becton and Alice Taylor, defendants, appellants.*

*D. H. Bland and B. F. Aycock for plaintiffs, appellees.*

SEAWELL, J. The critical inquiry upon this appeal is whether that part of the judgment rendered in the action of Sauls, *et al., v.* Caesar Fort at April Term, 1900, of Wayne Superior Court, which orders a reconveyance to be made by Rachel Fort to Caesar Fort is within the jurisdiction of the court and valid. Otherwise, title to the property remained in Rachel Fort and was effectually conveyed to the appellants by Rachel's subsequent deed.

Preliminarily, we may say that a judgment is not necessarily to be considered integrally on such an inquiry. It may be good in one part and void in others—"good for the part authorized by law, and bad for the residue"; 31 Am. Jur., p. 68, sec. 405; and the invalid divisible part may be treated as a nullity. *Id.*

It is not questioned that the court had the power, by a default judg-ment, to declare the deed made by Caesar Fort to Rachel Fort fraudulent and void as to the suing creditors, but it seems equally clear that it acted

in excess of its jurisdiction when it ordered Rachel Fort to reconvey the lands to her husband and attempted to make the judgment effective as a transfer of title.

There was nothing in the cause of action stated by the plaintiffs which rendered such action either necessary, or upon which it could be properly based. C. S., 606; *Land Bank v. Davis,* 215 N. C., 100, 1 S. E. (2d), 350. There was no controversy between Caesar Fort and his wife, and no consent to give the judgment validity. Neither of the parties defendant appealed; but they were under no necessity of appealing from a void judgment.

Public policy, as expressed through the law, has not penalized such a transaction by declaring the deed utterly void as against all persons and for all purposes, but has expressly limited the remedy to the aggrieved creditor and has left the deed as it stands between the parties. The law does not go to the extent of putting the grantor back in *statu quo*—a position of advantage which he could not secure by an independent action against the grantee with whom he would be, on that theory, *in pari delicto.*

The power of the court to set aside a fraudulent conveyance at the instance of creditors is derived from one of our oldest statutes—G. S., 39-15—in which it is expressly stated that such conveyances "shall be deemed and taken (*only as against that person, his heirs, executors, administrators and assigns, whose actions, debts, accounts, damages, penalties and forfeitures by such covinous or fraudulent devices and practices aforesaid are, shall, or might be in anywise disturbed, hindered, delayed or defrauded*) to be utterly void and of no effect." (Italics supplied.)

The judgment in the respect noted is in excess of the jurisdiction of the court, and that part of it is not merely irregular, but void, and, therefore, ineffectual to transfer the title of the land back to Caesar Fort.

Rachel Fort was not put to any election under Caesar's will. She did not offer the will for probate or qualify as executrix; she got nothing from the estate in lieu of the attempted devise of a portion of her own property, and nothing was offered. On the contrary, she and the appellants herein seem to have carried the burden of satisfaction of all the claims against Caesar, along with other obligations for which she was surety. *Benton v. Alexander,* 224 N. C., 800, 32 S. E. (2d), 584.

Rachel Fort's joinder with some of the devisees under the will (now represented by the petitioners) in the execution of two mortgages, introduced here as admissions against her interest, and evidence of a like character to the effect that she claimed only a life estate, are not available as an estoppel against the assertion of a full fee simple title by the appellants, since petitioners are not attempting to assert a title acquired after

such declarations or in any way affected by them. There was no reliance or action by any of the parties based upon any such representations or characterizations of her interest which would work an estoppel *in pais* or by record.

The basis of our decision does not require us to pursue the incidents of trial further. The petitioners, or plaintiffs, in this action and those of like interest named as respondents, have shown no title in themselves, and the proceeding should have been nonsuited on the motion of the defendants-respondents. The judgment to the contrary is

Reversed.