LULA WILSON, EXECUTRIX OF THE ESTATE OF DAMUS B. WILSON v. CRAB ORCHARD DEVELOPMENT COMPANY, INC., LEON OLIVE, LEWIS B. FROST, AND FRED DENSON

No. 6926SC257

(Filed 13 August 1969)

**1. Assignment for Benefit of Creditors § 1— transfer for valuable consideration**

Where defendant and wife assigned their rights in certain certificates of deposit to the corporate defendant and in return for these certificates the corporate defendant assigned all shares of its corporate stock to defendant to be used by him in satisfying his creditors, the transfer to the corporate defendant was for a valuable consideration and was, therefore, not an assignment for the benefit of creditors as envisioned by G.S. 23-1 et seq.

**2. Assignment for Benefit of Creditors § 1— limitation of action**

Three-year statute of limitation applies to creditor's action for relief under G.S. 23-1 et seq. G.S. 1-52(2).

**3. Assignment for Benefit of Creditors § 1; Limitation of Actions § 7— accrual of action — ignorance of creditor**

Cause of action under statute relating to assignment for benefit of creditors, G.S. 23-1 et seq., accrues at the time of the assignments, and not at the time creditor first learns of the transactions.

**4. Trusts § 14— creation of constructive trust**

A constructive trust arises when a person holding title to property is subject to an equitable duty to convey it to another on the ground that he would be unjustly enriched if he were permitted to retain it.

APPEAL by plaintiff from *Ervin, J.*, at the 3 February 1969 Regular Civil "C" Session of MECKLENBURG Superior Court.

The series of transactions involved in this action and the com-

panion case of *Estridge v. Crab Orchard Development Co.*, argued and decided at this session, were the subject of prior litigation and a prior appeal, and the Supreme Court opinion will provide further illumination of the facts and contentions. See *Estridge v. Denson and Paving Co. v. Denson and Wilson v. Denson*, 270 N.C. 556, 155 S.E. 2d 190.

Summons was issued and complaint was filed in this case on 5 July 1967. The pertinent facts, as alleged in the complaint, are summarized as follows: On 19 October 1960, defendant Crab Orchard Development Company, Inc. (Crab Orchard) came into existence. On 20 October 1960, Fred Denson (Denson) and wife assigned their rights in certain certificates of deposit in First Federal Savings and Loan Association, Inc., to Crab Orchard. These deposits, amounting to $70,500, were being held by First Federal apparently as additional security for loans on houses built and sold by Denson. In return for assignment of the deposits, on 28 October 1960 Crab Orchard assigned all shares of its corporate stock to Denson to be used by him in satisfying his creditors. On 31 December 1960, Crab Orchard, Denson as President of Crab Orchard, Denson and wife individually, Leon Olive, Secretary, and stockholders Lewis Frost, Lean Olive, S. L. McManus, Helen D. McManus, and G. A. Burrows made an assignment of $10,000 of the savings and loan deposits to R. S. Pate (Pate), a creditor of Denson, in return for which Pate forebore to attempt to set aside the assignment of 28 October 1960 as a preference. At the time of the assignments, plaintiff was a creditor of Denson and on 24 October 1961 obtained judgment for her claim. Plaintiff prayed (1) that she recover judgment against the defendants, and each of them, in the sum of $5,000 plus interest; (2) that defendants be required to give plaintiff "an equal share with all other creditors" of Denson existing at the time of the assignments, together with a declaration that defendants hold the same in trust for that purpose; and (3) that each of the assignments be declared an assignment for the benefit of creditors and that the defendants having received the proceeds of the certificates be required to "apply to the plaintiff that equal share with the other creditors of Fred Denson existing at the time of the assignments."

Defendants, except Denson, filed answer and among other defenses pleaded the three-year statute of limitations. On 5 December 1968, the answering defendants filed written motion for judgment on the pleadings on the ground that it appears upon the face of the pleadings that plaintiff's action is barred by the three-year statute of limitations. Following a hearing, the motion was allowed and from judgment dismissing the action, plaintiff appealed.

*Newitt & Newitt by John G. Newitt, Sr., for plaintiff appellant.*
*Barnes & Dekle by W. Faison Barnes for defendant appellees.*

BRITT, J.

The case of *Estridge v. Denson and Paving Co. v. Denson and Wilson v. Denson,* 270 N.C. 556, 155 S.E. 2d 190, held that at the time the plaintiffs therein (including plaintiff herein) sought to levy upon the certificates of deposit involved here to pay off judgments obtained against Denson, Denson did not own the certificates of deposit. The court ruled that the certificates were the property of Crab Orchard as the result of a valid transfer for a valuable consideration. The court specifically declined to discuss whether the transaction amounted to an assignment for· benefit of creditors or whether the plaintiffs had any rights against the recipients of shares of stock from Denson.

G.S. 23-1 provides:

> "Upon the execution of any *voluntary* deed of trust or deed of assignment for the benefit of creditors, all debts of the maker thereof shall become due and payable at once, and no such deed of trust or deed of assignment shall contain any preferences of one creditor over another, except as hereinafter stated." (Emphasis added.)

[1]    "Voluntary" has been defined as "without consideration." *Gas Co. v. Leggett,* 273 N.C. 547, 161 S.E. 2d 23. Here, the transfer to Crab Orchard was for a valuable consideration. *Estridge v. Denson and Paving Co. v. Denson and Wilson v. Denson, supra.* Therefore, the transfer of the savings and loan certificates from Denson to Crab Orchard was not an assignment for the benefit of creditors as envisioned by G.S. 23-1 et seq. Although there are cases where transfers of property which were not clearly voluntary were treated as assignments for benefit of creditors, those cases involved transfers to creditors of the transferror for preexisting debts; such is not the case here, Crab Orchard being the transferee of Denson but not a creditor of Denson. *Bank v. Tobacco Co.,* 188 N.C. 177, 124 S.E. 158. We hold that the facts alleged in the complaint do not constitute an assignment for the benefit of creditors.

[2]    Assuming, *arguendo,* that the facts alleged did constitute an assignment for the benefit of creditors, the relief afforded by G.S. 23-1, et seq., is relief afforded by statute and does not arise out of common law. *United States Rubber Co. v. American Oak Leather Co.,* 181 U.S. 434, 21 S. Ct. 670, 45 L. Ed. 938. Consequently, G.S.

1-52(2) would apply, creating a three-year limitations on the time for bringing suit.

**[3]** Plaintiff alleged complete lack of knowledge of the transactions until "sometime in 1966"; however, the cause of action, had there been one, accrued at the time of the assignments and the statutory period began to run at that time. 5 Strong, N.C. Index 2d, Limitation of Actions, § 7, p. 239.

The decision of the superior court dismissing the action was correct, unless the ultimate facts alleged in the complaint, liberally construed, could support a finding that the defendants hold the certificates of deposit under a constructive trust for the benefit of creditors of Denson, however ascertained.

**[4]** "A constructive trust arises where a person holding title to property is subject to an equitable duty to convey it to another on the ground that he would be unjustly enriched if he were permitted to retain it." Lee, North Carolina Law of Trusts, § 13a, p. 76. As otherwise defined, "[c]onstructive trusts include all those instances in which a trust is raised by the doctrines of equity for the purpose of working out justice in the most efficient manner, where there is no intention of the parties to create such a relation, and in most cases contrary to the intention of the one holding the legal title, and where there is no express or implied, written or verbal, declaration of the trust. They arise when the legal title to property is obtained by a person in violation, express or implied, of some duty owed to the one who is equitably entitled, and when the property thus obtained is held in hostility to his beneficial rights of ownership." Quoted from Pomeroy on Equity Jurisprudence, § 1044, in *Speight v. Trust Co.*, 209 N.C. 563, 183 S.E. 734.

The complaint does not allege that the defendants obtained the deposits in violation of an equitable duty to anyone; this conclusion is supported by the holding in *Estridge v. Denson and Paving Co. v. Denson and Wilson v. Denson, supra*. Facts sufficient to constitute a constructive trust are not alleged.

We hold that the superior court properly granted defendants' motion for judgment on the pleadings dismissing the action.

Affirmed.

MALLARD, C.J., and PARKER, J., concur.