NORTH CAROLINA NATIONAL BANK v. HENRY THOMAS EVANS, BETTY
TRIP EVANS, AND J. RUSSELL WOOTEN

No. 773DC182

(Filed 21 February 1978)

1. **Fraudulent Conveyances § 1— "voluntary" conveyance defined**

   A conveyance of real property is said to be "voluntary" when it is effected
   without consideration; legal consideration consists of some benefit or advan-
   tage to the promisor, or of some loss or detriment to the promisee.

2. **Fraudulent Conveyances § 3.4— conveyance to tenant in common—conveyance
   not voluntary—summary judgment proper**

   In an action to have deeds representing the transfer of land from the
   defendants Evans to the defendant Wooten set aside as fraudulent con-
   veyances, defendant Wooten was entitled to summary judgment where the
   complaint and affidavits tended to show that defendant Wooten and defend-
   ants Evans were tenants in common of the land in question; as consideration
   for the conveyances defendant Wooten assumed defendants Evans' in-
   debtedness to a savings and loan association secured by a deed of trust on the
   property; defendant Wooten also assumed defendants Evans' indebtedness to a
   bank evidenced by an unsecured promissory note; and plaintiff's own affidavits
   tended to show that defendant Wooten paid a valuable consideration to defend-
   ants Evans for the property. Plaintiff's contention that defendant Wooten's af-
   fidavits did not establish that he paid *adequate* consideration for the property
   involved is without merit, since "adequacy" of consideration was irrelevant in
   this case to the question of whether the conveyance was "voluntary."

   Judge WEBB dissenting.

APPEAL by plaintiff from *Whedbee, Judge.* Judgment
entered 1 December 1976 in District Court, PITT County. Heard in
the Court of Appeals 12 January 1978.

Civil action wherein plaintiff seeks to recover a deficiency
judgment against defendants Henry Thomas Evans and Betty
Trip Evans in the amount of $3,252.54 plus interest, and to have
deeds representing the transfer of land from the defendants
Evans to the defendant Wooten set aside as fraudulent con-
veyances.

In its amended complaint, plaintiff alleged the following: that
on 10 July 1973 defendants Evans executed a note for $12,000,
payable to plaintiff and secured by a security interest in a 1974
Freedom Mobile Home; that on 15 March 1976 defendants Evans
defaulted in the payment of the indebtedness, and pursuant to the

Bank v. Evans

security agreement plaintiff sold the mobile home for $2,500; that on 19 March 1976 defendants Evans, as tenants in common of certain tracts of land with defendant Wooten, conveyed their one-half undivided interest in said land to defendant Wooten; and that defendants Evans and defendant Wooten were close friends and business associates on the date of the conveyances. The remaining pertinent allegations in plaintiff's complaint read as follows:

> On information and belief, plaintiff alleges that the conveyances . . . were voluntary and without adequate consideration, and defendants Evans, after the said conveyances, did not retain property fully sufficient and available, above and beyond the exemptions guaranteed them under the Constitution and Laws of North Carolina, to pay their debts then existing.

> In the alternative and on information and belief, plaintiff alleges that the conveyances . . . were voluntary and without adequate consideration, and made by defendants Evans with the actual intent to defraud plaintiff, even though sufficient property was retained by defendants Evans, above and beyond the exemption guaranteed to them by the Constitution and Laws of North Carolina, to pay their debts then existing.

> Plaintiff has caused to be filed in the office of the Clerk of Superior Court of Pitt County, a Notice of *Lis Pendens* against the properties described . . . .

The defendant Wooten filed an answer denying that the conveyances were voluntary and without adequate consideration and alleging that he paid valuable consideration for the land conveyed. Defendant Wooten also filed a counterclaim against the plaintiff for abuse of process alleging that he sustained damages of $10,000 as a result of the notice of lis pendens filed by plaintiff. Defendant Wooten then moved for summary judgment and supported his motion with affidavits tending to show that in consideration for the conveyances defendant Wooten assumed the payment of the balance due on notes secured by deeds of trust on the property conveyed in favor of First Federal Savings & Loan Association of Pitt County, North Carolina; and assumed the payment of the balance due on an unsecured note payable to Planters

National Bank in Ayden, North Carolina, the outstanding balance amounting to at least $7,000.

The trial court entered an order striking the notice of lis pendens and granting summary judgment in favor of defendant Wooten as to plaintiff's claim against defendant Wooten to have the deeds set aside as fraudulent conveyances. Plaintiff appealed.

*Everett & Cheatham, by James T. Cheatham and Edward J. Harper II, for plaintiff appellant.*

*Williamson, Shoffner & Herrin, by Robert L. Shoffner, Jr., for defendant appellee.*

HEDRICK, Judge.

Plaintiff assigns as error the order of the trial court granting summary judgment in favor of defendant Wooten, arguing "that there exists a genuine issue as to the material fact as to whether the conveyances from the defendants Evans to the defendant Wooten were voluntary and without adequate consideration . . . ."

A conveyance with intent to defraud creditors is void in North Carolina. G.S. 39-15. The foundation of a claim seeking to set aside a deed as a fraudulent conveyance can be established in accordance with principles clearly set forth in the landmark case of *Aman v. Walker*, 165 N.C. 224, 81 S.E. 162 (1914). The Supreme Court in *Aman* discussed five possible applications of the rules regarding fraudulent conveyances:

(1) If the conveyance is voluntary, and the grantor retains property fully sufficient and available to pay his debts then existing, and there is no actual intent to defraud, the conveyance is valid.

(2) If the conveyance is voluntary, and the grantor did not retain property fully sufficient and available to pay his debts then existing, it is invalid as to creditors; but it cannot be impeached by subsequent creditors without proof of the existence of a debt at the time of its execution, which is unpaid, and when this is established and the conveyance avoided, subsequent creditors are let in and the property is subjected to the payment of creditors generally.

(3) If the conveyance is voluntary and made with the actual intent upon the part of the grantor to defraud creditors,

it is void, although this fraudulent intent is not participated in by the grantee, and although property sufficient and available to pay existing debts is retained.

(4) If the conveyance is upon a valuable consideration *and made with the actual intent to defraud creditors upon the part of the grantor alone, not participated in by the grantee* and of which intent he had no notice, it is valid.

(5) If the conveyance is upon a valuable consideration, but made with the actual intent to defraud creditors on the part of the *grantor*, participated in by the *grantee* or of which he he [sic] has notice, it is void.

*Aman v. Walker, supra* at 227, 81 S.E. at 164. Plaintiff seeks to bring his claim within the application in paragraph (2) or (3) above. Thus, plaintiff's claim against defendant Wooten under either of these principles is grounded on the allegation that the conveyances by defendants Evans to defendant Wooten of property described in the complaint were "voluntary."

[1]  A conveyance of real property is said to be "voluntary" when it is effected without consideration. Blacks Law Dictionary 403, 1747 (4th Ed. 1968); *L & M Gas Co. v. Leggett*, 273 N.C. 547, 161 S.E. 2d 23 (1968); *Wilson v. Crab Orchard Development Co.*, 5 N.C. App. 600, 169 S.E. 2d 50 (1969). Legal consideration "consists of some benefit or advantage to the promisor, or of some loss or detriment to the promisee." *Stonestreet v. Oil Co.*, 226 N.C. 261, 263, 37 S.E. 2d 676, 677 (1946). *See also Carolina Helicopter Corp. v. Cutter Realty Co., Inc.*, 263 N.C. 139, 139 S.E. 2d 362 (1964).

[2]  A motion for summary judgment pursuant to Rule 56 carries with it the burden of offering evidence sufficient to "show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." G.S. 1A-1, Rule 56(c). "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Rule 56(e). Defendant Wooten supported his motion for summary judgment with evidence tending to show that as consideration for the conveyances he assumed defendants Evans' indebtedness to the First Federal Savings & Loan Association

secured by a deed of trust on the property, and defendants Evans' indebtedness to Planters National Bank evidenced by an unsecured promissory note. Thus, in the face of defendant Wooten's motion for summary judgment supported by evidence that the conveyances were not voluntary, the plaintiff could not rest on the conclusory allegation in its complaint made on information and belief that the conveyances were "voluntary." It was incumbent upon the plaintiff in response to the motion to offer evidence of specific facts that the conveyances were made without a valuable consideration flowing between the defendants Evans and defendant Wooten. Rather than offering evidence that the conveyances were "voluntary," plaintiff's own affidavits tended to show that the defendant Wooten paid a valuable consideration to the Evanses for the property.

Plaintiff argues, however, that the defendant Wooten's affidavits do not establish that he paid *adequate* consideration for the property involved. Since the plaintiff has failed to allege or raise an issue of defendant Wooten's participation in the alleged fraud, it is not necessary to consider whether the consideration paid is so deficient as to suggest fraud on his part. In the setting of this case "adequacy" of consideration is irrelevant to the question of whether the conveyance was "voluntary." *See Weyerhaeuser Co. v. Light Co.*, 257 N.C. 717, 127 S.E. 2d 539 (1962).

In light of our holding, it is not necessary that we discuss plaintiff's other assignments of error. On this record the defendant Wooten is entitled to summary judgment as to plaintiff's claim to have the deeds conveying the property described in the complaint set aside as fraudulent conveyances.

The judgment appealed from is affirmed and the cause is remanded to the District Court for further proceedings.

Affirmed and Remanded.

Judge BRITT concurs.

Judge WEBB dissents.

Judge WEBB dissenting.

I differ from the majority as to the significance of the consideration proven by affidavit in this case. Mr. Wooten has offered affidavits showing that legal consideration was paid for the transfer of the property. The plaintiff does not dispute by its affidavits that legal consideration was paid by Mr. Wooten. Indeed, it cannot dispute this.

Considering the affidavits of both sides, I believe there is a genuine issue as to whether there was valuable consideration. Legal consideration is not the issue.

I disagree that "adequacy" of consideration is irrelevant to the question of whether the conveyance was "voluntary" in this case. A conveyance that is fraudulent as to creditors can, nevertheless, be binding between the parties to the conveyance. *Lane v. Becton*, 225 N.C. 457, 35 S.E. 2d 334 (1945). Implicit in the holding in *Lane v. Becton, supra*, is the concept that consideration may be sufficient to support the deed between contracting parties, but not sufficient to remove the transaction from fraud.

*L & M Gas Co. v. Leggett*, 273 N.C. 547, 161 S.E. 2d 23 (1968), which is cited by the majority in defining "voluntary" conveyances, provides a good definition for determining if a conveyance was "voluntary." Justice Branch writing for the Court defined "voluntary" conveyances as follows: "A conveyance is voluntary when it is not for value, *i.e.*, when the purchaser does not pay a reasonably fair price such as would indicate unfair dealing and be suggestive of fraud." *L & M Gas Co. v. Leggett, supra* at 549, 161 S.E. 2d at 25.

I believe the Court must look into the adequacy of consideration before it can properly grant summary judgment against a plaintiff on the issue of whether a conveyance was voluntary. This is an action affecting the title to real estate which is proper for a notice to be filed pursuant to G.S. 1-116(a). Since a genuine material issue of fact existed as to whether the consideration paid represented a "reasonably fair price," it was error for the trial judge to grant summary judgment in favor of defendant Wooten. I would reverse the trial judge's order.